CHARLESTON CAPITAL CORPORATION, a Corporation v. LOVE VALLEY ENTERPRISES, INC., a Corporation

No. 7122SC129

(Filed 24 February 1971)

1. Rules of Civil Procedure § 56; Venue §§ 2, 7— motion for removal to proper venue — authority to rule upon motion for summary judgment

Mecklenburg County was not the proper venue for an action on a promissory note instituted by a foreign corporation against a domestic corporation with its principal office in Iredell County, and the Superior Court of Mecklenburg County had no authority to rule upon plaintiff's motion for summary judgment while defendant's motion for a change of venue to Iredell County was pending.

2. Courts § 9; Rules of Civil Procedure § 60— void order of one superior court judge — authority of another judge to set aside

Order of the Superior Court of Mecklenburg County granting partial summary judgment for plaintiff was a nullity where defendant had moved in apt time for removal of the cause to the proper venue, Iredell County, and upon removal of the cause to Iredell County for trial only on the issue of damages, the Superior Court of Iredell County had authority under G.S. 1A-1, Rule 60(b)(6) to set aside the Mecklenburg order granting summary judgment.

APPEAL by defendant from *Exum, Superior Court Judge,* 16 November 1970 Term of IREDELL Superior Court.

Plaintiff appellee filed this action to recover on a promissory note in Mecklenburg Superior Court on 11 December 1969. The complaint recited, among other things, that plaintiff is a foreign corporation.

On 9 January 1970, before the time for serving an answer had expired, the defendant appellant, a domestic corporation with its principal office in Iredell County, filed a motion for change of venue to remove the action to Iredell County. On 22 April 1970, plaintiff filed a motion for summary judgment, but no time was fixed for hearing thereon. Defendant sought a hearing on its motion for change of venue on several occasions, and on 29 April 1970, wrote to the Clerk of Mecklenburg Superior Court, saying in part: "It is the defendant's position that we have a right to be heard on our motion for change of venue prior to the plaintiff being allowed to be heard on its motion for summary judgment." On 5 May 1970, the Assistant

Clerk of Mecklenburg Superior Court wrote the following letter to counsel for the defendant:

"This is to notify you that a hearing has been scheduled before the undersigned to hear the Motion to Remove filed in the above captioned case at 2:30 P.M. on the 15th day of May, 1970.

This office regrets the delay in the hearing of this motion."

Due to the request of counsel for the plaintiff in a letter dated 12 May 1970, the hearing was not held as scheduled. On 15 June 1970, the Assistant Clerk wrote the following letter to counsel for the defendants:

"The 1967 North Carolina Legislature repealed G.S. 1-583 effective January 1, 1970 which specifically authorized the Clerk to rule on a Motion to Remove As a Matter of Right. Consequently, this office does not believe the remaining law is sufficiently specific in this area for your motion to be heard by the Clerk.

This is to notify you that the Motion to Remove filed by you in the above captioned case has been placed upon the next Non-Jury Superior Court Calendar to be heard at 11:00 A.M. on the 9th day of July, 1970."

Defendant's motion was heard on 9 July 1970 before the Mecklenburg County Superior Court. Although defendant had no actual notice that it was going to be heard then, plaintiff's motion for summary judgment was heard on the same day at the same time. The order entered by Judge Martin follows:

"1) That Summary Judgment be entered in favor of the plaintiff for such amount as may be due it as damages;

"2) That this cause be removed to the Superior Court of Iredell County and there be placed on the next Superior Court calendar for trial on the sole issue of damages; and

"3) That the Clerk of Superior Court of Mecklenburg County forward to the Clerk of Court of Iredell County all pleadings, Affidavits, Orders and other documents filed in this cause."

Capital Corp. v. Enterprises, Inc.

On 4 August 1970, after the entry of the partial summary judgment and the order to remove in Mecklenburg, the defendant filed a motion in Iredell County Superior Court pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure to set aside the portion of the order granting the partial summary judgment. Defendant's motion was heard and an order denying defendant's motion to set aside was entered because the court concluded that it had "no authority to set aside Judge Martin's Order of July 9, 1970." From the denial of his motion to set aside, defendant appealed.

*Casey & Daly by Hugh G. Casey, Jr., for plaintiff appellee.*

*Collier, Harris & Homesley by Walter H. Jones, Jr., for defendant appellant.*

VAUGHN, Judge.

[1]  The first question to be decided on this appeal is whether Judge Martin had the power and authority to hear plaintiff appellee's motion for summary judgment while defendant's motion for change of venue was pending. A very similar factual situation is found in *Roberts v. Moore*, 185 N.C. 254, 116 S.E. 728. In that case, plaintiff was a foreign corporation and defendants were citizens of Sampson County. Suit was filed in New Hanover County and summons issued. Before time for answering the complaint had expired, defendants moved for a change of venue to Sampson County. A notice of the motion was served on the plaintiff and time for hearing was set for 18 December 1922. On 15 December 1922, a default judgment was entered against the defendants, from which judgment they appealed. The Court held:

> "While it is clear from a perusal of section 470 that this question of venue is not in the first instance jurisdictional and may be waived by the parties, and the decisions construing the section so hold, these decisions are also to the effect that where the motion to remove is made in writing and in apt time, the question of removal then becomes a matter of substantial right, and the court of original venue is without power to proceed further in essential matters until the right of removal is considered and passed upon. And any such judgment entered before that should be set aside on motion or appeal as being contrary to the course and practice of the court. Assuredly so, then [*sic*]

the material facts alleged in support of the motion to remove are practically admitted."

Another case with similar facts is *R. R. v. Thrower,* 213 N.C. 637, 197 S.E. 197. There, the plaintiff, a resident of New Hanover, instituted an action in Cumberland County on an unpaid check against the defendant, a resident of Mecklenburg. Defendant filed a motion for change of venue to Mecklenburg, and plaintiff filed a motion to retain the action in Cumberland for the convenience of the witnesses. The court denied defendant's motion and retained the action in Cumberland pursuant to plaintiff's motion. On appeal, the Supreme Court quoted the above paragraph from *Roberts,* and added:

"Upon the admitted facts and the facts found by the court, to which there is no exception, Meckenburg County is the proper venue for the trial of this action. When the defendant duly and in proper time filed his motion in writing for the removal of this cause to Mecklenburg County it then became the duty of the court to pass upon and decide the question thus raised before proceeding further in the cause in any essential matter affecting the rights of the defendant. Pending a determination of this question the court was without authority to entertain the motion made by the plaintiff. On the admitted facts defendant's motion should have been allowed and an order removing the cause to Mecklenburg County should have been entered. By considering and allowing the plaintiff's motion in its discretion the court below, in effect, by the exercise of its discretion, denied the defendant a substantial right to which he is entitled as a matter of law.

"The plaintiff, if he so elects, still has the right to file its motion in the Mecklenburg Superior Court and it will then become the duty of the judge presiding to determine whether the cause should be sent back to Cumberland County for the convenience of the witnesses under the second subsection of C.S., 470."

A recent restatement of the foregoing rule appears in 1 McIntosh, N. C. Practice 2d, § 833, p. 148 (Supp. 1970):

"When the motion to remove is made in apt form and time, the question of removal then becomes a matter of substantial right; the moving party is thereupon entitled to

have the matter ruled upon before the court proceeds further in respect of essential matters; and for the court to do so prior to passing upon the removal motion is error."

Since Meckenburg was not the proper venue, the order granting summary judgment denied defendant a substantial right to which he was entitled and was contrary to the course and practice of the court; moreover, it appears that it was error for Judge Martin to hear the motion for summary judgment until the motion for change of venue was heard because he was without power and authority to do so.

[2]   The next question is whether Judge Exum, sitting in Iredell, had authority to set aside the order granting summary judgment by another superior court judge upon defendant's motion under Rule 60(b)(6) of the North Carolina Rules of Civil Procedure. Rule 60(b)(6) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(6) Any other reason justifying relief from the operation of the judgment."

The rule applicable here is found in 2 Strong, N. C. Index 2d, Courts, § 9, p. 449:

"If a judge of the Superior Court enters an order without legal power to act in respect to the matter, such order is a nullity, and another Superior Court judge may disregard it without offending the rule which precludes one Superior Court judge from reviewing the decision of another."

We hold that the Iredell Superior Court did have authority to set aside the order entered in Mecklenburg Superior Court because that order was entered without power and authority and was a nullity.

Reversed.

Judges BROCK and MORRIS concur.