ROBERT F. WATERS v. QUALIFIED PERSONNEL, INC.

No. 7618SC698

(Filed 16 March 1977)

1. **Rules of Civil Procedure § 60— summary judgment —.. inadequate notice — appearance by counsel not attorney of record — motion to set aside**

   A superior court judge could not set aside another judge's summary judgment order under G.S. 1A-1, Rule 60(b)(4) on the ground that plaintiff had received inadequate notice of the hearing and such defect was not waived where an attorney who was not the attorney of record appeared and argued the motion for plaintiff, since the order was not void but was, at most, erroneous; nor could the summary judgment order, if erroneous, be set aside under the provision of G.S. 1A-1, Rule 60(b)(6) permitting relief from a judgment for "any other reason justifying relief from the operation of the judgment."

2. **Rules of Civil Procedure § 10— conditional appeal — alternative basis for supporting order**

   In this appeal by defendant from an order setting aside a summary judgment order, plaintiff's purported "conditional" appeal from the summary judgment order under G.S. 1A-1, Rule 10(d) is not allowed where plaintiff does not suggest an alternate reason for supporting the order appealed from but seeks the opportunity to attack the summary judgment order.

APPEAL by defendant from *Long, Judge.* Order entered 24 May 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 February 1977.

Waters v. Personnel, Inc.

On 12 March 1975 plaintiff filed suit for the balance due on a note purportedly made by defendant in his favor. Plaintiff's complaint was signed by Attorney Lawrence Egerton, Jr. On 19 May 1975 defendant answered, and on 5 June 1975 plaintiff filed motion for summary judgment. This motion was also signed by Attorney Egerton.

On 26 June 1975 plaintiff's deposition was taken, and at this deposition plaintiff was represented by Attorney Kent Lively. (Mr. Lively and Mr. Egerton were not members of the same firm.) Mr. Lively participated in the questioning and advised plaintiff not to answer certain questions raised at the deposition. On 6 August 1975 defendant moved, pursuant to G.S. 1A-1, Rule 37, for sanctions against plaintiff for his refusal to answer the questions.

Nothing happened in the matter for several months, and on 24 February 1976 defendant filed its own motion for summary judgment. Affidavits in support of the motion were filed 3 March 1976, and both the motion and affidavits were served on plaintiff through his attorney, Mr. Egerton.

Defendant's motion for sanctions under Rule 37 was placed on the 8 March 1976 calendar of superior court. Attorney Egerton was not present in court, but Attorney Lively was present and actively represented the plaintiff. On this same date, 8 March 1976, Attorney Lively filed a reply to defendant's motion for summary judgment. The reply was prepared and signed by Attorney Egerton.

At the 8 March 1976 hearing, Judge McConnell also considered defendant's motion for summary judgment. There was no objection by plaintiff at this time, and defendant's attorney, and Attorney Lively representing plaintiff, both argued defendant's motion for summary judgment. Judge McConnell granted summary judgment to defendant.

On 11 March 1976 plaintiff moved before Judge McConnell to set aside the summary judgment on grounds, first, that the March 8 hearing was held less than ten days after receiving notice in violation of G.S. 1A-1, Rule 56(c) ; and, second, that the March 8 hearing was only for the purpose of considering defendant's motion for sanctions (and not the motion for summary judgment).

Judge McConnell found that while the motion for summary judgment had been properly calendared and fully argued he was of the opinion that there was a question as to whether plaintiff had been represented by his counsel of record. A hearing was ordered by Judge McConnell to determine "who is counsel of record for the plaintiff" and to also hear "plaintiff's motion to set aside the judgment." This hearing was set for 29 March 1976, but, for reasons not apparent in the record, it was not heard until 17 May 1976, by Judge Long.

In his order of 24 May 1976 Judge Long found that the summary judgment for defendant which Judge McConnell had entered was void *ab initio.* Judge Long found that plaintiff had not received adequate notice of the hearing, and that since plaintiff's counsel of record was not present plaintiff had not waived this defect. The summary judgment entered by Judge McConnell for defendant was set aside.

Defendant appeals from Judge Long's order of 24 May 1976, purporting to set aside the summary judgment in its favor entered 8 March 1976 by Judge McConnell.

*Alspaugh, Rivenbark & Lively, by James B. Rivenbark, and Lawrence Egerton, Jr., for plaintiff appellee.*

*Jordan, Wright, Nichols, Caffrey & Hill, by William L. Stocks and R. Thompson Wright, for defendant appellant.*

ARNOLD, Judge.

The rule is well settled in North Carolina that, "[o]ne superior court judge cannot modify an order of another superior court judge, even if based upon an erroneous application of legal principles." *Public Service Co. v. Lovin,* 9 N.C. App. 709, 711, 177 S.E. 2d 448 (1970). This statement is in accord with *Green v. Charlotte Chemical Laboratory, Inc.,* 254 N.C. 680, 120 S.E. 2d 82 (1961), wherein our Supreme Court said that one judge's "order or judgment which affects some substantial right claimed by a party may not be modified or vacated by another judge on the ground that it is erroneous." *Id.* at 693.

[1] This is not to say that a superior court judge never has authority to change the result reached by another superior court judge. A new judge can hear a party's motion for rehearing to set aside a judgment, provided that such is proper and authorized by G.S. 1A-1, Rule 60. *Capital Corporation v. Enter-*

*prises, Inc.,* 10 N.C. App. 519, 179 S.E. 2d 190 (1971). Rule 60, entitled Relief from Judgment or Order, lists a number of grounds for granting relief from a judgment. All relate to what could be loosely called matters of fact. They include mistake, fraud, newly discovered evidence, and satisfaction and release. Two others are arguably applicable here. Rule 60(b) (4) allows relief from a judgment which is void. Judge Long concluded that Judge McConnell's earlier judgment was void *ab initio.* That conclusion is wrong. Both parties were always within the jurisdiction of the court. The court, in the person of Judge McConnell, had the power to adjudicate the rights, duties and liabilities of the parties as they arose out of matters within the pleadings. Judge McConnell's judgment may have been erroneous (and as to this we express no opinion), but it certainly was not void.

The other possible ground for setting aside the summary judgment is provided by Rule 60(b) (6) which permits relief from a judgment for "[a]ny other reason justifying relief from the operation of the judgment." This rule is not so broad as it first appears. As William A. Shuford says in North Carolina Civil Practice and Procedure, "Motions under 60(b) (6), however, are not to be used as a substitute for appeal, and an erroneous judgment cannot be attacked under this clause." *Id.,* § 60-11; *Young v. State Farm Mutual Auto. Ins. Co.,* 267 N.C. 339, 148 S.E. 2d 226 (1966); *In re Brown,* 23 N.C. App. 109, 208 S.E. 2d 282 (1974). Even if Judge McConnell erred in answering the question of whether inadequate notice under Rule 56 is waived where an attorney, other than one who signs the pleadings, appears with the client at the hearing, and with knowledge of the attorney of record, argues the motion without objection to the inadequate notice (and again, we express no opinion on this), still plaintiff's only remedy from Judge McConnell's entry of summary judgment was by appeal to this Court.

[2] The plaintiff has also attempted to file a "conditional" appeal from Judge McConnell's summary judgment. Plaintiff relies on Rule 10(d), Rules of Appellate Procedure, but his reliance is misplaced. Rule 10(d) permits an appellee, without taking appeal, to cross-assign as error an act or omission of the trial court "which deprived the appellee of *an alternative basis in law for supporting the judgment* [or] *order* . . . from which appeal has been taken." (Emphasis added.) Plaintiff does not

suggest an alternative reason for supporting Judge Long's order; he asks, instead, for the opportunity to attack Judge McConnell's judgment. He is too late. Rule 10(d) does not permit this. The "conditional" appeal is not allowed, and the order appealed from is

Reversed.

Judges PARKER and MARTIN concur.