E. ALEXANDER STEVENSON, JR. v. NORTH CAROLINA DEPARTMENT OF INSURANCE AND JOHN RANDOLPH INGRAM, COMMISSIONER OF INSURANCE

No. 7910SC410

(Filed 5 February 1980)

1. Injunctions § 16— improper restraining order—proceeding against bond—amount of recovery

Where the superior court improperly entered an injunctive order reinstating plaintiff to employment in a "comparable position" with the Department of Insurance pending administrative review of his dismissal, and the Department of Insurance proceeded by motion in the cause on plaintiff's bond, the Department's recovery was limited to the amount of the bond ($1,000) even though it was damaged in the amount of $3,803.02. Furthermore, there is no merit in the Department's contention that the bond set by the judge afforded inadequate protection and could not be increased because the extent of the damage could not be determined where it could have been determined when the restraining order had been in effect for one month that damages were approaching the bond limit and the Department could have justifiably moved for an increase in the bond.

Stevenson v. Dept. of Insurance

2. **Appeal and Error §§ 25, 38.1— cross-assignments of error—jurisdiction to determine propriety—exclusion of improper cross-assignments**

> The trial court erred in ruling that it did not have jurisdiction in settling the record on appeal to determine whether plaintiff appellee's cross-assignments of error were permitted by Appellate Rule 10(d), and the court should have excluded the cross-assignments where they constituted an attack on the judgment and not an alternate basis in law for supporting the judgment.

APPEAL by defendants from *Godwin, Judge.* Judgment entered 7 December 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 5 December 1979.

Upon a prior appeal this Court, in *Stevenson v. Department of Insurance,* 31 N.C. App. 299, 229 S.E. 2d 209, *cert. denied,* 291 N.C. 450, 230 S.E. 2d 767 (1976), ruled that the Superior Court did not have authority to enter the injunctive order reinstating plaintiff to employment in a "comparable position" with the Department of Insurance pending administrative review of his dismissal.

Upon defendants' motion in the cause for damages pursuant to G.S. 1A-1, Rule 65(e), a hearing was held on 27 November 1978. Byron Tatum, Director of Personnel for the Department of Insurance, testified that when the trial court ordered plaintiff's reinstatement no position comparable to that which plaintiff had occupied prior to his discharge was open within the Department. Plaintiff was reinstated as a complaint analyst, a lesser position, and paid a salary of $9,664.88 during the reinstatement period. An employee occupying the position to which plaintiff was reinstated would have been paid $5,861.86, a difference of $3,803.02.

The trial court entered judgment finding that the defendants had been damaged in the amount of $3,803.02 but that recovery was limited to $1,000, the amount of the injunction bond posted by plaintiff. Defendants excepted and gave notice of appeal. Defendants served a proposed record on appeal, plaintiff served a proposed record on appeal, and plaintiff served a proposed alternative record on appeal incorporating exceptions and cross-assignments of error. Defendants moved for settlement of the record.

In its order filed 5 April 1979 the trial court ruled that it had no jurisdiction to determine whether plaintiff's cross-assignments of error are permitted under Rule 10(d), N.C. Rules App. Proc.,

"such being the sole province of the North Carolina Court of Appeals."

Defendants appeal from so much of the order as permits plaintiff's inclusion in the record on appeal of plaintiff's cross-assignments of error and evidence in support thereof.

*Attorney General Edmisten by Special Deputy Attorney General T. Buie Costen for defendant appellants.*

*Bailey, Dixon, Wooten, McDonald & Fountain by Ralph McDonald and Gary S. Parsons for plaintiff appellee.*

CLARK, Judge.

### DEFENDANTS' APPEAL

[1] The single issue raised by this appeal is whether the trial court erred in limiting defendants' recovery to the amount of the bond ($1,000) even though defendants were damaged in the amount of $3,803.02.

N.C. Gen. Stat. § 1A-1, Rule 65(e) provides:

"(e) *Damages on dissolution.* — An order or judgment dissolving an injunction or restraining order may include an award of damages against the party procuring the injunction and the sureties on his undertaking without a showing of malice or want of probable cause in procuring the injunction. The damages may be determined by the judge, or he may direct that they be determined by a referee or jury."

It is well-established law that a party who has been wrongfully restrained by a court order which is subsequently dissolved as improvidently entered has two remedies: (1) He may seek damages against the opposing party and his sureties on his undertaking without a showing of malice or want of probable cause, or (2) he may pursue an independent action for malicious prosecution without being limited to the amount of the bond. *Local 755, International Brotherhood of Electrical Workers v. Country Club East, Inc.*, 283 N.C. 1, 194 S.E. 2d 848 (1973); W. SHUFORD, N.C. CIVIL PRACTICE AND PROCEDURE § 65-8 (1975).

If the party damaged by the improvidently issued restraining order elects to proceed by motion in the cause on the bond of the

opposing party and his sureties, his recovery is limited to the amount of the penalty of the injunction bond. *Shute v. Shute*, 180 N.C. 386, 104 S.E. 764 (1920); *In re Simon*, 36 N.C. App. 51, 243 S.E. 2d 163 (1978); Annot., 45 A.L.R. 1517 (1926).

In their brief, defendants argue that "the bond set by Judge Smith was ridiculously low and could not possibly afford adequate protection," and that "it was impossible to move to increase the bond because the extent of the damage could not be determined." There is nothing in the record tending to show that Judge Smith, when the restraining order was entered and the bond set, had any knowledge that there was no open position in the Department comparable to his former position and that plaintiff would have to be placed in a position of less importance with a substantially lower pay scale. Plaintiff was employed in this lower position for more than five months. Thus defendants suffered damages at the rate of about $760.00 per month. Defendants could have determined when the restraining order had been in effect for one month that its damage was approaching the bond limit and could have justifiably moved for an increase in the bond. We find no merit in defendants' argument.

### PLAINTIFF'S CROSS-ASSIGNMENTS OF ERROR

[2]  Rule 10(d), N.C. RULES APP. PROC., under which plaintiff files his cross-assignments of error, provides:

> "(d) *Exceptions and Cross Assignments of Error by Appellee.* Without taking an appeal an appellee may set out exceptions to and cross-assign as error any action or omission of the trial court to which an exception was duly taken or as to which an exception was deemed by rule or law to have been taken, *and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.* Portions of the record necessary to an understanding of such cross-assignments of error may be included in the record on appeal by agreement of the parties under Rule 11(a), or may be included by the appellee in a proposed alternative record on appeal under Rule 11(b)." (Emphasis added.)

Appellate Rule 10(d) introduces a new procedure designed to protect appellees who have been deprived in the trial court of an

alternative basis in law upon which their favorable judgment might be supported and who face the possibility that on appeal prejudicial error will be found in the ground upon which their judgment was actually based.

In his cross-assignments of error plaintiff challenges (1) the finding that defendants' actual damages exceeded $1,000, and (2) the exclusion of evidence relating to the value of plaintiff's services to the defendants. It is obvious that these cross-assignments of error constitute an attack on the judgment and not an "alternative basis in law for supporting the judgment." This type of conditional appeal is not allowed. *Waters v. Qualified Personnel, Inc.*, 32 N.C. App. 548, 233 S.E. 2d 76 (1977), *rev'd on other grounds*, 294 N.C. 200, 240 S.E. 2d 338 (1978). *See also*, Commentary, Rule 10(d), N.C. Rules App. Proc.

At hearing for settlement of the record on appeal defendants sought to exclude from the record on appeal the plaintiff's cross-assignments of error. The trial judge in the order of settlement ruled that "it is not within the Superior Court's jurisdiction to determine whether such cross-assignments of error are permitted under Rule 10(d)." The trial court erred in this ruling. Appellate Rule 11(c), in part, provides: "At the hearing the judge shall settle the record on appeal by order." In the case before us the trial judge should have settled the record on appeal and should have excluded plaintiff's cross-assignments of error on the ground that they were not authorized by Appellate Rule 10(d).

A party aggrieved by the order of the trial judge settling the record on appeal may file a motion in the Appellate Court under Rule 9(b)(6), N.C. Rules App. Proc., to add to, amend, or correct the record on appeal.

We find error in the order settling the record on appeal. Since plaintiff failed to sustain his position on this phase of the case, it is ordered that plaintiff pay one-third and defendants pay two-thirds of the appeal costs.

The judgment is

Affirmed.

Judges ARNOLD and ERWIN concur.