ANNIE B. TAYLOR v. JACK R. FOY AND CITY ELECTRIC COMPANY OF CHARLOTTE, INC.

No. 8726DC1216

(Filed 2 August 1988)

1. **Appeal and Error § 39.1— failure to file record within 15 days after settlement —dismissal of appeal**

    An appeal is subject to dismissal because of appellants' failure to file the record on appeal within 15 days after it was settled. App. R. 12(a).

2. **Attorneys at Law § 7.5— attorney's fees as part of costs—corporate defendant not "losing party"**

    The trial judge erred in awarding attorney's fees and expenses against the corporate defendant and in taxing those fees as a part of the costs, since no issues were submitted to the jury concerning liability of the corporate defendant, and the corporate defendant therefore could not be said to be a "losing party" against whom costs could be taxed pursuant to N.C.G.S. § 75-16.1.

    Judge PHILLIPS dissenting.

APPEAL by defendants from *Brown (L. Stanley), Judge*. Judgment entered 24 July 1987 and filed 3 August 1987 in District Court, MECKLENBURG County. Heard in the Court of Appeals 10 May 1988.

*Ferguson, Stein, Watt, Wallas & Adkins, P.A., by Yvonne Mims Evans, for plaintiff-appellee.*

*Kenneth W. Parsons for defendant-appellants.*

SMITH, Judge.

Plaintiff instituted this action alleging that defendant Jack R. Foy (Foy) owned controlling interest in the corporate defendant. Plaintiff also alleged that she had previously been the owner of certain real properties located in Mecklenburg County. In June of 1982, plaintiff conveyed one of the tracts to Albert Little and his wife and paid Foy $1,000.00 for his assistance in having the lands surveyed. Plaintiff also told Foy she would pay him one-half of the proceeds from the sale of the remaining tracts if he would assist her in selling the properties. In connection with the sale to the Littles, Foy had plaintiff sign three separate deeds. Thereafter Foy inserted in one of the deeds the description of the remaining tracts and the name of the corporate defendant as grantee.

Plaintiff subsequently learned that her lands had been conveyed to the corporate defendant and confronted Foy who then assured her that she would receive one-half of the proceeds when the properties were sold. In August of 1984, the remaining lands were sold and plaintiff has not received any of the proceeds of the sale.

Plaintiff alleged that defendant Foy obtained the deed conveying her properties to the corporate defendant by false pretenses and misrepresentation and that Foy's actions constitute an unfair and deceptive trade practice. The trial court submitted the following issues to the jury which were answered as indicated:

1. Was the plaintiff, Annie B. Taylor, induced to execute the deed dated June 23, 1982 to City Electric Company of Charlotte, Inc. by the fraudulent representations of the defendant, Jack R. Foy?

ANSWER: No.

2. If so, in what amount has the plaintiff been damaged?

ANSWER:

3. Were the actions of the defendant Jack R. Foy in obtaining title to plaintiff's property done willfully and maliciously?

ANSWER:

4. If so, what amount of punitive damages, if any, should be awarded to the plaintiff, Annie B. Taylor from defendant Jack R. Foy?

ANSWER:

5. Did the defendant, Jack R. Foy, misrepresent to the plaintiff, Annie B. Taylor, that she was signing several copies of a Warranty Deed to Albert and Jennie Little, when the defendant, Jack R. Foy knew that one of the deeds signed by the plaintiff transferred some of plaintiff's property to defendant, City Electric Company of Charlotte, Inc.?

ANSWER: YES.

6. Was the defendant Foy's conduct in commerce or did it affect commerce?

ANSWER: YES.

7. Was the plaintiff injured as a proximate result of defendant's conduct?

ANSWER: YES.

8. By what amount, if any, has plaintiff been injured?

ANSWER: $250.00 Two Hundred and Fifty & no/100.

s/ DIANNE D. THOMAS
Jury Foreperson

The trial judge trebled the amount of damages found by the jury and ordered both Foy and the corporate defendant to pay plaintiff's attorney's fee and expenses for their unwarranted refusal to settle the case.

[1] Initially, we note that appellants have failed to comply with Rule 12(a) of the Rules of Appellate Procedure. That rule requires a record on appeal be filed with this Court "[w]ithin 15 days after the record . . . has been settled . . . but no later than 150 days after giving notice of appeal." App. R. 12(a). Counsel for the parties stipulated to the record on appeal on 20 November 1987. The record on appeal was not filed until 21 December 1987. The appeal is, therefore, subject to dismissal for failure to meet the 15-day requirement. However, as there has been no motion to dis-

miss and the 150-day requirement was met, we exercise our discretion and hear the appeal of the corporate defendant "[t]o prevent manifest injustice." App. R. 2. The appeal of the individual defendant is dismissed for failure to comply with the Rules of Appellate Procedure. *Walter Corporation v. Gilliam,* 260 N.C. 211, 132 S.E. 2d 313 (1963).

[2] The corporate defendant's first assignment of error is to that portion of the lower court's judgment taxing, pursuant to G.S. 75-16.1, attorney's fees and expenses against it for unwarranted refusal to settle the case. In an extensive jury instruction conference, the trial judge repeatedly stated that no issues would be submitted to the jury concerning liability of the corporate defendant and no such issues were in fact submitted. Plaintiff's counsel objected to this ruling. Yet plaintiff has not excepted to nor cross-assigned any error based upon the lower court's ruling as required by App. R. 10(d). This rule is "designed to protect appellees who have been deprived . . . of an alternative basis in law upon which their favorable judgment might be supported and who face the possibility that on appeal prejudicial error will be found in the ground upon which [the] judgment was actually based." *Stevenson v. Dept. of Insurance,* 45 N.C. App. 53, 56-7, 262 S.E. 2d 378, 380 (1980). Plaintiff, in her brief, seeks to argue a number of alternative bases to support that portion of the judgment taxing attorney's fees and expenses against the corporate defendant. As plaintiff failed to except and cross-assign error to the failure of the trial judge to submit any issue relating to the liability of the corporate defendant, those questions are not properly before this Court.

The jury's verdict was that plaintiff have and recover of the individual defendant the sum of $250.00 in damages. The verdict was trebled pursuant to G.S. 75-16. The trial judge then entered judgment taxing attorney's fees and expenses against both defendants. G.S. 75-16.1 allows recovery of attorney's fees for a violation of G.S. 75-1.1. G.S. 75-16.1 provides in pertinent part:

> In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and

payable by the losing party, upon a finding by the presiding judge that:

(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to resolve the matter which constitutes the basis for such suit.

In the case *sub judice* the corporate defendant cannot be said to be a "losing party" within the terms of the statute since no verdict was returned against it. Therefore, the trial judge erred in awarding attorney's fees and expenses against the corporate defendant and taxing those fees as a part of the cost.

As to the individual defendant, appeal dismissed.

As to the corporate defendant, judgment vacated.

Judge JOHNSON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I dissent from the majority opinion in the following respects:

(1) Though neither defendant's appeal has merit, in my opinion, I do not agree that the rules of appellate procedure authorize the dismissal of either appeal because the record was not filed within 15 days after it was settled. The only thing that Rule 12(a), N.C. Rules of Appellate Procedure, explicitly mandates, as I read it, is that the record be filed within 150 days after notice. But even if the 15 days after settlement provision is "mandatory," as the majority states, not every appellate rule provision is of such importance as to warrant the dismissal of an appeal for its breach, and the portion of Rule 12(a) requiring the record to be filed within 15 days after it has been settled is such a minor and incidental provision. Indeed it is so minor and incidental that, so far as I can determine, none of our appellate judges have even suggested heretofore, much less held, that a breach of the provision justifies dismissal. To so hold now would only add an unnecessary and pointless obstacle to the processing of appeals for no good reason whatever.

(2) If, however, appeals are dismissible at our discretion when the record is not filed within 15 days after it is settled there is no reason to waive the rule in favor of the corporate defendant whose only equity, according to the record and verdict, is that it knowingly benefited from its employee's rascality.

(3) Even though the judgment does not explicitly assess damages against the corporate defendant it is nevertheless a losing party under the statute and the circumstances involved, since the verdict established that it obtained the lot involved through the unfair dealing of its employee and plaintiff was damaged thereby. While the better course would have been to submit issues as to the company's liability, and why the court did not do so is beyond comprehension, the issues that were submitted and answered nevertheless establish as a matter of law that the corporation is jointly liable for plaintiff's damage.

(4) The corporate defendant's assignment of error does not properly raise the attorney's fee issue.

(5) The judge's findings and conclusions as to the fee are supported by the record, in my opinion, and should be upheld.