An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1225

NORTH CAROLINA COURT OF APPEALS

Filed:  1 July 2014

ARTHUR O. ARMSTRONG,
     Plaintiff

v.

H. TERRY HUTCHENS,
     Defendant

Guilford County
No. 00 CVS 3986

Appeal by plaintiff from order entered 3 September 2013 by Judge Lindsay R. Davis, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 4 February 2014.

*Arthur O. Armstrong, pro se.*

*Hutchens Law Firm, by J. Scott Flowers and Natasha M. Barone, for Defendant.*

ERVIN, Judge.

Plaintiff Arthur O. Armstrong appeals from an order denying a motion for relief from judgment that Plaintiff submitted on or about 20 August 2013.  On appeal, Plaintiff contends that the trial court erred by denying his motion for relief from judgment on the grounds that Defendant H. Terry Hutchens failed to conduct an adequate investigation sufficient to determine that Plaintiff did not owe a debt to United Companies Lending

Corporation, that Defendant had defamed Plaintiff by filing and publishing a notice of foreclosure hearing that falsely asserted that Plaintiff owed a debt to United, that Defendant had assisted in the making of false loan reports, and that Defendant had improperly obtained a writ of possession that deprived Plaintiff of the right to occupy a tract of real property. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

### A. Foreclosure Proceeding

On 19 June 1998, Defendant, acting as substitute trustee under a deed of trust applicable to a tract of property located at 309 Leland Drive in Greensboro, North Carolina, executed by Plaintiff and Marcia H. Armstrong on 6 December 1995 for the purpose of securing a note in favor of United, filed a notice of hearing indicating that the Armstrongs were in default under the note and that Defendant would attempt to foreclose under the deed of trust. After receiving this notice, Plaintiff notified Defendant that Plaintiff had filed a "petition" against United in the Guilford County Superior Court "alleging fraud and misrepresentation"; that, since the notice of foreclosure was

based upon the false and fraudulent representation that he owed a debt to United, the publication of the notice would constitute an act of defamation; and that Defendant should read the "petition" before acting in an "irresponsibl[e]" manner. On 21 July 1998, the Clerk of Superior Court of Guilford County entered an order allowing the foreclosure to proceed. On the same date, Defendant transmitted a notice of foreclosure sale to the Greensboro *News & Record* with a request that the notice be published during the weeks of 28 July 1998 and 4 August 1998. On 24 September 1998, a foreclosure sale under the deed of trust was held. On 16 October 1998, Defendant filed a final report describing the disposition of the sale proceeds. On the same date, Defendant executed a trustee's deed transferring the property secured by the deed of trust to United. On 13 April 1999, Defendant requested the issuance of a writ of possession directing the Sheriff of Guilford County to remove the Armstrongs from the property.

## B. Present Civil Action

On 3 February 2000, Plaintiff filed a complaint against Defendant in which he alleged that Defendant had failed to conduct a proper investigation before initiating the foreclosure proceeding, that he did not owe any debt to United, and that Defendant had defamed him by filing and publishing a notice of

foreclosure that falsely alleged that he was indebted to United.[1] On 13 March 2000, Defendant filed an answer in which he denied the material allegations set forth in Plaintiff's complaint and asserted a number of affirmative defenses, including collateral estoppel and res judicata. On 6 April 2000, Plaintiff filed a motion seeking summary judgment in his favor. On 27 April 2000, Defendant filed a response to Plaintiff's summary judgment motion and a request for the entry of summary judgment in Defendant's favor. On 18 May 2000, Judge Judson D. DeRamus, Jr., entered an order determining that Plaintiff was collaterally estopped from asserting the claims set forth in his complaint on the grounds that the fact of Plaintiff's indebtedness had been established in the foreclosure proceeding, that the claims asserted in Plaintiff's complaint were not well-grounded in either law or fact, that Plaintiff's complaint should be dismissed with prejudice, and that Plaintiff should pay Defendant's attorneys' fees.[2]

---

[1]On 1 December 1997, Plaintiff filed a complaint against multiple defendants, including United, in which he sought relief on the basis of fraud and misrepresentation. Judge Howard R. Greeson, Jr., dismissed Plaintiff's action in May of 1998. Despite the dismissal, Plaintiff filed another complaint a week later, which Judge Russell G. Walker, Jr., dismissed as "not well grounded in fact or warranted by existing law" and "redundant, irrelevant, immaterial and impertinent."

[2]A similar set of sanctions had been imposed upon Plaintiff by means of an order entered by Judge Walker on 15 July 1998 in

On 9 April 2002, Plaintiff filed a request for leave to file a motion seeking relief from Judge DeRamus' order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b), in which Plaintiff contended that Defendant had defamed him by filing and publishing a notice of foreclosure alleging that he owed a debt to United, with this motion having been accompanied by various documents, some of which named United as a party defendant in addition to Defendant, which spelled out Plaintiff's contentions in more detail. On 6 March 2002, Judge W. Douglas Albright entered an order denying Plaintiff's motion for relief from judgment, imposing monetary sanctions upon Plaintiff, and prohibiting Plaintiff from making any further filings against United.

On 4 December 2008,[3] Plaintiff filed a motion seeking leave to file an amended complaint in this action that named

a related case in which Plaintiff had asserted fraud and misrepresentation claims against United and other defendants.

[3]On 23 September 2008, Judge Carl R. Fox entered an order in a civil action that Plaintiff brought in the Wake County Superior Court against a number of former state and local officials finding that "Plaintiff has a long history of filing suit against state judicial and elected officials for monetary claims arising out of prior criminal prosecutions," finding that the complaint that Plaintiff had filed in the action in question and certain other actions were "frivolous and [had] no basis in law," and prohibiting Plaintiff "from filing any paper writing" in any North Carolina court "without first obtaining leave to file from the Senior Resident Superior Court Judge of the county in which [Plaintiff] proposes to file a paper writing."

Defendant's law firm as a party defendant and that alleged that Defendant's law firm had violated Plaintiff's rights under the federal constitution by filing and publishing a notice of foreclosure hearing that contained false and defamatory matter, rendering Defendant's law firm liable to Plaintiff pursuant to 42 U.S.C. § 1983. Four days later, Plaintiff filed a motion seeking the entry of summary judgment in his favor. On 30 January 2009, Defendant and his law firm filed a motion seeking to have Plaintiff's proposed amended complaint dismissed and to have appropriate sanctions imposed upon Plaintiff. On 4 August 2009, Judge Catherine Eagles entered an order noting that the "case was dismissed on the merits years ago," determining that Plaintiff's amended complaint was "barred by res judicata and is frivolous," and dismissing Plaintiff's amended complaint. The Supreme Court denied Plaintiff's subsequent mandamus petition on 18 December 2009.

On 15 March 2011, Plaintiff filed a motion seeking leave to "reopen" this case and to file an amended complaint that restated Plaintiff's assertion that Defendant and his law firm had defamed him by filing and publishing a notice of foreclosure hearing that contained false and defamatory material, thereby rendering them liable to him pursuant to 42 U.S.C. § 1983. On 13 June 2011, Judge John O. Craig, III, entered an order denying

Plaintiff's request for leave to "reopen" the case and file an amended complaint as "totally without merit," directing the Clerk of Superior Court to refuse to accept any further filings from Plaintiff, and warning Plaintiff that he would be subject to being held in contempt in the event that he filed any further motions in this or two other specifically enumerated cases.

On 14 April 2012, Plaintiff filed a motion seeking leave to file a complaint that alleged that he was entitled to recover damages from Defendant and his law firm pursuant to 42 U.S.C. § 1983, with this request based on an allegation that Defendant and his law firm had defamed Plaintiff by filing and publishing a notice of foreclosure hearing that falsely alleged that Plaintiff owed a debt to United. On 8 June 2012, 26 July 2012, and 11 August 2012, Plaintiff filed motions for relief from Judge DeRamus' order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), with all three motions resting on the assertion that Defendant had defamed him and with at least two of these filings being accompanied by either a draft amended complaint identical to ones that Plaintiff had filed on other occasions or an affidavit containing similar assertions. On 20 August 2012, the trial court entered an order that noted the filing of Plaintiff's motions and the fact that, by virtue of Judge Fox's earlier order, Plaintiff was barred "from filing motions and

pleadings without leave to do so" "because [Plaintiff] has filed numerous motions and pleadings that lack factual or legal merit, or both, and that are vexatious and wasteful of [the] limited resources of the courts of this state and one or more other jurisdictions"; that "the motion and proposed complaint lack any merit as a matter of law"; and that "[t]he motion for leave to file these paper-writings is denied, in the exercise of the court's discretion."

On 20 August 2013, Plaintiff submitted a motion for relief from Judge DeRamus' order; an affidavit in which he alleged that Defendant and his law firm had defamed him by filing a notice of foreclosure sale that falsely asserted that he owed a debt to United and that he was entitled to damages pursuant to 42 U.S.C. § 1983; and a motion seeking leave to file a "motion package" consisting of his motion for relief from judgment, his affidavit, and a notice of hearing. On 3 September 2013, the trial court entered an order concluding that Plaintiff's filings "lack[] any merit as a matter of law" and were "denied, in the exercise of the court's discretion." Plaintiff filed a notice of appeal to this Court from the trial court's order.

## II. Substantive Legal Analysis

### A. Appellate Rule Violations

As an initial matter, we note that Plaintiff has violated numerous provisions of the North Carolina Rules of Appellate Procedure. More particularly, Plaintiff has failed, to a considerable extent, to put the documents contained in the record on appeal in chronological order as required by N.C.R. App. P. 9(b)(1); failed to include a procedural history of the case as required by N.C.R. App. P. 28(b)(3); failed to state the grounds authorizing this Court to review Plaintiff's challenge to the trial court's orders as required by N.C.R. App. P. 28(b)(4); failed to provide a non-argumentative statement of the facts supported by citations to the appropriate portions of the record or transcripts as required by N.C.R. App. P. 28(b)(5); failed to discuss the applicable standard of review as required by N.C.R. App. P. 28(b)(6); failed to cite any legal authorities in support of his argument in violation of N.C.R. App. P. 28(b)(6); and failed to advance any substantive legal arguments explaining Plaintiff's belief that the trial court erred by denying his motion for relief from judgment in violation of N.C.R. App. P. 28(b)(6).[4] Although Plaintiff's numerous

---

[4] Admittedly, some of the omitted material described in the text of this opinion was contained in Plaintiff's reply brief, such as a statement of the basis upon which we had jurisdiction to hear Plaintiff's appeal and a statement of the applicable standard of review. Aside from the fact that Plaintiff failed to correct other deficiencies in his initial brief in his reply brief, the applicable provisions of the North Carolina Rules of

violations of the relevant provisions of the North Carolina Rules of Appellate Procedure made our review of his challenges to the trial court's order unnecessarily difficult, we decline to dismiss Plaintiff's appeal given our strong preference for deciding cases on the merits rather than on procedural grounds. *See Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 199-200, 657 S.E.2d 361, 366-67 (2008). However, Plaintiff is admonished that, in the event that he makes any further filings in this Court that fail to comply with the provisions of the North Carolina Rules of Appellate Procedure, we will not hesitate to impose appropriate sanctions upon him.

B. Denial of Plaintiff's Motion for Relief From Judgment

On appeal, Plaintiff contends that the trial court erred by denying his motion for relief from judgment and urges us to reverse the trial court's order and remand this case to the Guilford County Superior Court for trial. More specifically, Plaintiff contends that the trial court should have allowed his motion for relief from judgment on the grounds that the Defendant, by failing to adequately investigate the facts of the underlying foreclosure proceeding, proceeded to foreclose upon Plaintiff's property despite the fact that he did not owe any

Appellate Procedure clearly require that the items that Plaintiff omitted be set forth in his initial brief. For that reason, we do not believe that Plaintiff cured the rule violations present in his initial brief in his reply brief.

debt to United; that Defendant had filed and published a notice of foreclosure sale that falsely alleged that he owed a debt to United; that Defendant had "connived" in the preparation of loan-related documents that falsely reflected that he owed a debt to United; and that Defendant had unlawfully obtained the issuance of a writ of possession removing Plaintiff from his property. Plaintiff is not entitled to relief from the trial court's order on the basis of these contentions.

According to N.C. Gen. Stat. 1A-1, Rule 60(b)(6), a party may be relieved from the effect of a final judgment for "any other reason justifying relief from the operation of the judgment." Relief from a judgment is available pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) in the event that the moving party shows that "(1) extraordinary circumstances exist, (2) there is a showing that justice demands it, and (3) the movant shows a meritorious defense." *Purcell Int'l Textile Grp., Inc. v. Algemene AFW N.V.*, 185 N.C. App. 135, 138, 647 S.E.2d 667, 670, *disc. review denied*, 362 N.C. 88, 655 S.E.2d 840 (2007). As a result of the fact that a motion for relief from judgment "'are not to be used as a substitute for appeal,'" "'an erroneous judgment cannot be attacked under'" N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). *Concrete Supply Co. v. Ramseur Baptist Church*, 95 N.C. App. 658, 660, 383 S.E.2d 222, 223 (1989)

(quoting *Waters v. Qualified Pers., Inc.*, 32 N.C. App. 548, 551, 233 S.E.2d 76, 78 (1977), *reversed on other grounds*, 294 N.C. 200, 240 S.E.2d 328 (1978)). "[A] motion for relief [from judgment] under [N.C. Gen. Stat. § 1A-1,] Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). An "[a]buse of discretion results where the court's ruling is so manifestly unsupported by reason or is [so] arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

The first problem raised by Plaintiff's challenges to the trial court's order is that three of his four arguments were never advanced in the trial court. More specifically, Plaintiff did not assert in his motion for relief from judgment or in the materials that he submitted in support of that motion that Defendant had failed to conduct an adequate investigation before commencing the underlying foreclosure proceeding, that Defendant "connived" in the preparation of false loan documents, or that Defendant had wrongfully obtained the issuance of a writ of possession authorizing the removal of the Armstrongs from their property. As this Court has clearly stated, "issues and

theories of a case not raised below will not be considered on appeal." *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001); *see also* N.C.R. App. P. 10(a)(1) (stating that, "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context" and "to obtain a ruling upon the party's request, objection, or motion"). As a result, the only basis upon which Plaintiff is entitled to challenge the trial court's decision to deny his relief from judgment is his contention that Defendant defamed him by publishing an allegedly false notice of foreclosure sale, with this contention, like all of the other contentions that Plaintiff has advanced, resting on Plaintiff's claim that he did not owe a debt of any sort to United.

Aside from his failure to properly preserve three of his four arguments for appellate review, the fundamental problem with Plaintiff's challenge to the trial court's order is that he is barred from advancing all of the arguments set out in his brief on the basis of collateral estoppel considerations. The essential basis for each of the arguments that Plaintiff has

advanced in support of his challenge to the trial court's order is his contention that he did not owe a debt to United. "A party seeking to go forward with [a] foreclosure under a power of sale must establish, *inter alia*, by competent evidence, the existence of a valid debt." *In re Foreclosure of Connolly v. Potts*, 63 N.C. App. 547, 550, 306 S.E.2d 123, 125 (1983) (citing N.C. Gen. Stat. § 45-21.16(d); *In re Foreclosure of Burgess*, 47 N.C. App. 599, 604, 267 S.E.2d 915, 918 *appeal dismissed*, 301 N.C. 90, __ S.E.2d __ (1980)). As a result of the fact that the Clerk of Superior Court of Guilford County allowed the foreclosure to proceed and the fact that the order authorizing the foreclosure to proceed was not overturned on appeal, the fact that Plaintiff owed a valid debt to United was addressed and decided adversely to Plaintiff's position in the foreclosure proceeding.

According to well-established North Carolina law, "'a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties and their privies.'" *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 414, 474 S.E.2d 127, 128 (1996) (quoting *Thomas M. McInnis & Assocs. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986)). Thus, since the Clerk of Superior Court decided

that Plaintiff owed a debt to United, Plaintiff is not entitled to relitigate that issue in this or any other proceeding, *Phil Mech. Constr. Co. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985) (stating that "when a mortgagee or trustee elects to proceed under [N.C. Gen. Stat. §] 45-21.1 *et. seq.*, issues decided thereunder as to the validity of the debt and the trustee's right to foreclose are *res judicata* and cannot be relitigated in an action for strict judicial foreclosure"), a determination that clearly establishes that the claim that Plaintiff wishes to assert against Defendant is not a valid one. As a result, the trial court did not abuse its discretion by denying Plaintiff's motion for relief from judgment.[5]

## III. Conclusion

Thus, for the reasons set forth above, Plaintiff's challenge to the trial court's order lacks merit. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges McGEE and STEELMAN concur.

Report per Rule 30(e).

---

[5]Although this fact is not the basis for our decision in this case, we note that Plaintiff has advanced the same challenge to the result reached in Judge DeRamus' order in numerous filings in the trial courts and urge him to recognize that, once a particular argument is rejected in the judicial system, he is not entitled to continue to reassert that same argument in the hope of obtaining a different outcome.