J. H. BURWELL, JR., ADMINISTRATOR OF THE ESTATE OF JAMES M. WILKERSON, DECEASED v. WILLIAM A. WILKERSON, SINGLE; OSSIE W. MILLER AND HUSBAND, FREDDIE MILLER; ARTHUR WILKERSON AND WIFE, JANE WILKERSON; DOVIE W. WILKINS AND HUSBAND, J. D. WILKINS; SAMUEL H. WILKERSON AND WIFE, MARGIE WILKERSON; HELEN L. WILKERSON, WIDOW; FRED L. WILKERSON, JR., AND WIFE, JEROLINE WILKERSON; LINDA W. THOMAS AND HUSBAND, RONALD THOMAS; OLLIE DAVIS WILKERSON, WIDOW; ESTHER W. NEDD AND HUSBAND, HUBERT C. NEDD; DORIS W. PROVIDENCE, SINGLE; JOHNETTA W. LAMB AND HUSBAND, THOMAS W. LAMB; THOMAS E. WILKERSON, SINGLE; ALICE W. WILSON AND HUSBAND, PAUL WILSON; GLENN E. WILKERSON, SINGLE; JAMES A. WILKERSON, SINGLE; MELVIN T. WILKERSON, SINGLE; LARRY D. WILKERSON, SINGLE; SHEILA Y. WILKERSON, SINGLE; JAMES A. WILKERSON AND WIFE, IDA WILKERSON; PALMIRA W. BRADFORD AND HUSBAND, JACK BRADFORD; KAY WILKERSON, SINGLE; VERLA WILKERSON, WIDOW; KIMBERLY JOYCE WILKERSON, SINGLE; DIEDRA COLLETTE WILKERSON, SINGLE; COREY KING WILKERSON, WIDOW; AND O. M. YORK, TRUSTEE

No. 7629SC126

(Filed 7 July 1976)

**Executors and Administrators § 15— sale of land to make assets — motion to set aside confirmation**

The trial court did not err in the denial of appellants' motions under Rule 60 to vacate and set aside orders of confirmation of a sale of realty to make assets to pay debts of an estate.

APPEAL by respondents from *Grist, Judge.* Judgment entered 11 September 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 14 May 1976.

This case basically involves the propriety of a sale of a decedent's real property to satisfy certain debts outstanding against the estate of James M. Wilkerson who died in 1962 leaving a will.

The document purporting to be his will was probated in common form on 23 August 1962. In August 1965, a caveat was filed, and the matter was not resolved until issuance of an order and judgment dated 25 April 1974, wherein the court declared that the paper writing was not a valid will, appointed the petitioner-appellee as administrator and taxed the cost of the entire proceeding against the decedent's estate.

Several months after his appointment, the administrator, in a 28 June 1974 petition, alleged that the indebted estate included no assets in the form of personalty, but noted that decedent " . . . died seized and possessed of two adjoining tracts of land . . . " , and prayed that the realty be sold " . . . in order to create assets with which to pay the debts and costs of administration of the estate. . . . "

On 9 May 1975 the Clerk and Superior Court Judge, pursuant to a court-ordered sale of the property, entered orders of confirmation. This confirmation of sale, however, was attacked shortly thereafter by respondents' various Rule 60 motions.

In their 25 July 1975 Rule 60 motions, respondents sought to have the 9 May 1975 confirmation orders set aside and vacated. Taking their allegations, supporting documentation and testimony together, the movants basically maintained that notwithstanding a "family settlement" with respect to the decedent's purported will, the petitioner-appellee, acting then as the caveators' attorney, ignored the family settlement and proceeded to litigate the matters involved in the caveat proceeding to a final disposition and judgment and ultimately to the financial detriment of all the heirs. As a result of this litigation, movants assert that substantial costs and attorney fees were generated, resulting in a potentially serious depletion of an otherwise virtually unencumbered estate. Finally, the movants argued that this petitioner-inspired process of extended costly litigation resulted in the dissipation of the estate.

Petitioner's response to the movants' evidence included introduction of a 13 May 1964 instrument showing that the executors of decedent's will considered the decedent to have been incompetent. One of the executors, however, disavowed his signature on the document.

From the order denying their motions to set aside the confirmation orders, respondents appealed.

State v. Duncan

*Robert W. Wolf for petitioner appellee.*

*David H. Wagner for respondent appellants.*

MARTIN, Judge.

Respondent appellants contend that the trial court erred in denying their motions to set aside and vacate the 9 May 1975 orders of confirmation. We find no merit to this assignment of error.

As Justice Copeland, speaking for our Supreme Court, recently stated in *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E. 2d 532 (1975), " . . . a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the Court abused its discretion." Here, a careful and critical review of the trial court's order denying respondents' Rule 60 motion indicates that the findings of fact and conclusions of law are amply supported by the evidence, and we find no evidence whatsoever indicating the trial court abused its discretion and authority.

We have reviewed respondents' other contentions and find them also to be without merit.

The order below is

Affirmed.

Chief Judge BROCK and Judge BRITT concur.