JANE GADDY HOGLEN v. MYRTLE M. JAMES

No. 7830SC93

(Filed 21 November 1978)

1. **Rules of Civil Procedure § 7— failure of motion to state rule number—waiver of right to challenge**

Where defendant failed to challenge plaintiff's motion to set aside an order of dismissal on the ground that the motion failed to specify the number of the rule under which plaintiff was proceeding as required by Rule 6 of the General Rules of Practice for Superior and District Courts Supplemental to the Rules of Civil Procedure, the trial court should have treated plaintiff's motion as one filed pursuant to G.S. 1A-1, Rule 60(b).

2. **Rules of Civil Procedure § 60— motion to set aside order—court's erroneous belief as to authority**

A superior court judge has the authority to grant relief under a Rule 60(b) motion without offending the rule that precludes one superior court judge from reviewing the decision of another, and plaintiff is entitled to a proper hearing on a Rule 60(b) motion to set aside an order of dismissal where the court denied the motion because he erroneously believed that he lacked the power to grant it.

APPEAL by plaintiff from orders of *Griffin, Judge*, entered 21 September 1977 and 8 November 1977 in Superior Court, HAYWOOD County. Heard in the Court of Appeals on 25 October 1978.

This is a civil action instituted by plaintiff on 2 November 1973 to recover damages for personal injuries sustained in an automobile accident that occurred on 9 July 1973. An answer was filed by defendant on 27 December 1973. The case was first set for trial on 6 January 1975, but was continued and a new trial date of 5 May 1975 was set. When the case was called for trial, plaintiff's attorney was not present in court and by Order filed 7 May 1975 plaintiff's action was dismissed with prejudice under G.S. § 1A-1, Rule 41(b) by Judge Robert D. Lewis *ex mero motu* for failure to prosecute the action. On 9 May 1975, plaintiff filed the following motion:

That plaintiff through her counsel, respectfully shows:

1. That the plaintiff's counsel, W. C. Palmer of Wilson, Palmer and Simmons, Lenoir, N. C. was seriously injured in his person by an assault by two North Carolina State Highway patrolmen, which assault occurred about 4:30 p.m. on May 4, 1975, in Iredell County, North Carolina; that the said counsel was able to get to his home near Lenoir, N. C. at about midnight of May 4, 1975; that the said counsel was suffering extension [sic] bruises, abrasions and from heavy blows on the head to such an extent that he was unable to sleep nor rest during the balance of that night; that on Monday, May 5, 1975, the undersigned counsel at about 8:45 o'clock a.m. telephoned Mr. O. E. Starnes, Jr., the attorney for defendant and told him (Mr. Starnes) that plaintiff's counsel could not attend the session of court in Haywood County, North Carolina, on May 5, 1975, and asked Mr. Starnes to relay that message to the Court; that the undersigned is advised by Mr. O. E. Starnes, Jr., that the Court was so advised.

2. That a motion was pending in the case which was filed on April 30, 1975, and plaintiff had not yet filed answer thereto.

3. That on May 9, 1975, counsel for plaintiff personally attended the Court and further explained to the court the nature and extent of counsel's injury and the reason for his failing to attend the Court on May 5, 1975.

4. That until the time of the said counsel's injury the plaintiff was in all respects ready for trial, but assumed that

the Court would hear the pending motion on motion day which was set by the Court for Friday, May 9, 1975.

5. That the plaintiff has a meritorious cause of action against the defendant in this cause; that the cause was dismissed through no fault of plaintiff nor plaintiff's counsel.

WHEREFORE, plaintiff prays that the court set aside the order of dismissal in this cause and reinstate the same upon the trial calendar.

On 19 September 1977, a hearing on plaintiff's motion was held before Judge Kenneth Griffin.

After hearing the evidence, Judge Griffin entered an Order on 21 September 1977, stating in pertinent part:

[T]his Court has examined the Court file and Judge Lewis' Order, and does not find reason to overrule, or alter the Order of Judge Lewis, and further does not have authority to pass upon or reconsider Judge Lewis' Order.

Now, therefore, Plaintiff's Motion to set aside Judge Lewis' Order, and reinstate this case is hereby denied.

An "Amended Order" identical to the first Order was signed by Judge Griffin on 8 November 1977.

From the orders denying her motion to set aside the judgment, plaintiff appealed.

*Wilson and Palmer, by W. C. Palmer and Bruce L. Cannon for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis, by O. E. Starnes, Jr., for defendant appellee.*

HEDRICK, Judge.

[1] Unless the court in its Order of dismissal for failure to prosecute the action otherwise specifies, the dismissal under Rule 41 operates as an adjudication on the merits. G.S. § 1A-1, Rule 41(b). Plaintiff's motion, filed 9 May 1975, to "set aside the order of dismissal in this cause" does not specify the number of the rule under which plaintiff was proceeding as required by Rule 6 of the General Rules of Practice for Superior and District Courts supplemental to the Rules of Civil Procedure; however, since defendant failed to challenge this omission at the hearing on the motion,

*see Byerly v. Byerly,* filed in this Court on 7 November 1978, the trial judge should have treated plaintiff's motion as one filed pursuant to G.S. § 1A-1, Rule 60(b), which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

It is the duty of the judge presiding at a Rule 60(b) hearing to make findings of fact and to determine from such facts whether the movant is entitled to relief from a final judgment or order. *U.S.I.F. Wynnewood Corp. v. Soderquist,* 27 N.C. App. 611, 219 S.E. 2d 787 (1975). A motion for relief under Rule 60(b) is addressed to the sound discretion of the judge hearing the motion. *Burwell v. Wilkerson,* 30 N.C. App. 110, 226 S.E. 2d 220 (1976). Where a judge refuses to entertain such a motion because he labors under the erroneous belief that he is without power to grant it, then he has failed to exercise the discretion conferred on him by law. *Hudgins v. White,* 65 N.C. 393 (1871).

[2]  In the present case, plaintiff's motion to "set aside the order of dismissal" was made pursuant to G.S. § 1A-1, Rule 60(b). The judge had the authority to grant the relief requested and it was his duty to rule on the motion. The statement in the order "that this Court . . . does not have authority to pass upon or reconsider Judge Lewis' Order" discloses that the hearing Judge erroneously believed that he lacked the power to grant the motion. A Superior Court judge has the authority to grant relief under a Rule 60(b) motion without offending the rule that precludes one Superior Court judge from reviewing the decision of another. *See, e.g., Charleston Capital Corp. v. Love Valley Enterprises, Inc.,* 10 N.C. App. 519, 179 S.E. 2d 190 (1971).

Because Judge Griffin erroneously believed he lacked the power to grant the relief requested, plaintiff has never had the proper hearing on his Rule 60(b) motion to which he is entitled.

Vacated and remanded.

Chief Judge BROCK and Judge PARKER concur.