MAHALEEL LUSTER, JUDGMENT CREDITOR v. GOOCH SUPPORT SYSTEMS, INC., GOOCH ENTERPRISES, INC., HAL GOOCH AND CHRIS GOOCH, JUDGMENT DEBTORS

No. COA02-1642

(Filed 16 December 2003)

**Courts— foreign order—payment of money—trial court judge overruling another trial court judge**

The trial court erred by enforcing a Florida order involving the payment of money, because: (1) following a North Carolina trial court's denial of plaintiff's motion for enforcement of the foreign order, plaintiff brought the same issue before another North Carolina trial court judge under the guise of a motion to alter or amend judgment denying enforcement of a foreign order, and it was impermissible for a second trial court judge to reverse the action of the first trial court judge; and (2) the issue of whether this matter involves a money judgment or an order denying a motion to vacate a final judgment presents the issue of whether Florida Rule of Appellate Procedure 9.310(b)(1) is inconsistent with Florida Rule of Civil Procedure 1.540(b), which is a matter for the Florida courts.

Appeal by Debtor from judgment entered 24 June 2002 by Judge Christopher Collier in Superior Court, Davidson County. Heard in the Court of Appeals 28 October 2003.

*William E. West, Jr., for Judgment Debtors.*

*Womble, Carlyle, Sandridge & Rice, P.L.L.C., by Kenneth B. Oettinger, Jr., for Judgment Creditor.*

WYNN, Judge.

By this appeal, Gooch Support Systems, Inc., Gooch Enterprises, Inc., and Hal and Chris Gooch (the "Gooches"), argue that the trial court erred by enforcing a Florida judgment that was a judgment solely for the payment of money, and therefore stayed by Florida Rules of Appellate Procedure 9.310(b)(1). We agree and therefore, reverse the trial court's order.

This matter arises from a resolution of the competing claims of the Gooches and Mahaleel Luster by a Florida circuit court judge's 21 May 2001 order requiring the Gooches to pay Mahaleel Luster $240,808.71 because the Gooches had failed to perform their obligations under an earlier settlement agreement. Thereafter, the Gooches failed to timely appeal from the judgment; instead, they moved to vacate the judgment in which they asserted a clerical error prevented them from filing a timely notice of appeal. From the Florida trial court's denial of that motion, the Gooches appealed to Florida's Fourth District Court of Appeals. While the appeal was pending, the Gooches filed a second motion to vacate the 21 May 2001 final judgment alleging the trial court lacked subject matter jurisdiction to enter a money judgment as a sanction. Following the denial of the second motion to vacate the judgment, the Gooches appealed and filed a civil supersedeas bond, the posting of which, the Gooches argued, stayed enforcement of the judgment.

Meanwhile, in North Carolina, Mahaleel Luster filed a motion for enforcement of the 21 May 2001 foreign judgment. By Order of 11 April 2002, North Carolina Superior Court Judge Susan Taylor denied that Motion "without prejudice to renewing that motion in the event that a Florida Court declares that the filing of the bond in the Florida action does not stay the enforcement of the Florida Judgment." Following Judge Taylor's denial of his enforcement motion, Mahaleel Luster filed in North Carolina a motion to alter or amend Judge Taylor's Order Denying Enforcement of Foreign Judgment; in response, the Gooches filed a Motion for Stay of Proceedings, "pend-

ing the resolution of related matters" in Florida. By order dated 24 June 2002, North Carolina Superior Court Judge Christopher Collier granted Mahaleel Luster's motion to alter or amend judgment denying enforcement of foreign judgment, and denied the Gooches Motion for Stay of Proceedings. The Gooches appealed to this Court.

On appeal, we summarily reverse Judge Collier's order for reasons given in our Supreme Court's recent decision, *State v. Woolridge*, 357 N.C. 544, —— S.E.2d —— (filed 7 November 2003). In *Woolridge*, our Supreme Court stated: " 'The power of one judge of the superior court is equal to and coordinate with that of another.' Accordingly, it is well established in our jurisprudence that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Id.* (citing *Michigan Nat'l Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E.2d 579, 580 (1966)).

In this case, following Judge Taylor's denial of his motion for enforcement of the 21 May 2001 foreign judgment, Mahaleel Luster brought the same matter before Judge Collier seeking an amendment or alteration. In fact, it appears that Judge Collier faced the same issue that Judge Taylor faced—whether the 21 May 2001 Florida judgment was a judgment solely for the payment of money, and therefore stayed by Florida Rules of Appellate Procedure 9.310(b)(1). Judge Taylor denied the motion; and thereafter Judge Collier granted it. Following *Woolridge*, we must hold that it was impermissible for Judge Collier to reverse the action of Judge Taylor.

Moreover, we agree with the Gooches that the issue of whether this matter involves a money judgment or an order denying a motion to vacate a final judgment, presents an issue of whether Florida Rule of Appellate Procedure 9.310(b)(1) is inconsistent with Florida Rule of Civil Procedure 1.540(b). Our review of Florida case law revealed no cases resolving the precise issue of whether the posting of a civil supersedeas bond in connection with their motion to vacate the final judgment for lack of subject matter jurisdiction stays enforcement of the judgment. That issue, as Judge Taylor recognized, is one for the Florida courts to decide, not our courts.

Reversed.

Judges TIMMONS-GOODSON and ELMORE concur.