WILLIAM E. TRENT, III & LIISA H. TRENT, Plaintiffs v. RIVER PLACE, LLC & G. EUGENE BOYCE, Defendants

No. COA05-1051

(Filed 1 August 2006)

**1. Declaratory Judgments— dismissal of claim with prejudice—not manifestly unsupported by reason**

The trial court did not abuse its discretion in a declaratory judgment action by dismissing plaintiffs' claim with prejudice rather than without prejudice, because: (1) plaintiffs concede the terms of the pertinent note were no longer at issue at the time of the hearing; (2) as the note was no longer at issue, the terms of the operating agreement which address transfers were also no longer at issue and defendant conceded that these provisions would not effect a transfer of plaintiff husband's membership interest; (3) although plaintiffs assert the trial court incorrectly relied on section 5.2 of the pertinent operating agreement in making its judgment, the court's order does not mention this section; and (4) it cannot be said that the court's decision was manifestly unsupported by reason.

**2. Appeal and Error— preservation of issues—failure to seek reversal of dismissal**

Although plaintiffs contend the trial court erred in a declaratory judgment action by making factual findings in its dismissal

order and in basing its decision on these findings, this argument does not need to be addressed because plaintiffs have not requested the Court of Appeals to reverse the dismissal, but have only asked it to determine that the dismissal order should have been without prejudice.

### 3. Civil Procedure— Rule 60(b) motion—superior court judge may grant relief from decision of another judge

The trial court erred in a declaratory judgment action by denying plaintiffs' motion to amend and for alternative relief from the dismissal of their N.C.G.S. § 1A-1, Rule 59 and 60 motions, because: (1) a superior court judge may grant relief from the decision of another judge on a Rule 60(b) motion; (2) when a judge refuses to entertain such a motion based on the erroneous belief that he is without power to grant it, the judge has failed to exercise the discretion conferred on him by law; and (3) although the judge did not state that he believed he was without authority to hear the Rule 60(b) motion, his denial of the motion on the ground that he believed it was more properly in front of another judge was also a failure to exercise the discretion conferred on him by law meaning plaintiffs have never had the proper hearing on their Rule 60(b) motion to which they are entitled.

Appeal by plaintiffs from order entered 16 December 2004 by Judge Henry W. Hight, Jr., and from order entered 10 March 2005 by Judge A. Leon Stanback, Jr., in the Superior Court in Wake County. Heard in the Court of Appeals 27 March 2006.

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell and Evan B. Horwitz, for plaintiff-appellants.*

*Boyce & Isley, P.L.L.C., by Philip R. Isley, for defendant-appellee G. Eugene Boyce.*

*Brannon Strickland, P.L.L.C., by Anthony M. Brannon, for defendant-appellee River Place, L.L.C.*

HUDSON, Judge.

In September 2004, plaintiffs filed this suit seeking declaratory judgment. Defendants moved to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2003) as to both plaintiffs and also pursuant to Rule 17 as to plaintiff Liisa Trent. The trial court granted these motions and dismissed plaintiffs' complaint with prejudice. Subse-

quently, plaintiffs moved to amend the court's order pursuant to Rule 59(e), and in the alternative, for relief from the judgment pursuant to Rule 60(b)(5) and (6). N.C. Gen. Stat. § 1A-1, Rules 59 & 60 (2003). The trial court denied these motions. Plaintiffs appeal. As discussed below, we affirm in part and vacate and remand in part.

The record indicates that in 1999, defendant G. Eugene Boyce, plaintiff William E. Trent, III, and three other individuals formed River Place LLC ("the LLC") as a limited liability company. Each of the five partners had a twenty percent membership interest. Pursuant to the operating agreement, each partner agreed to furnish additional funds as needed by the LLC as "capital contributions" (hereinafter "cash calls"). In the fall of 2000, the LLC made its first cash call, requiring each partner to contribute $100,000. Plaintiff Bill Trent did not have the necessary funds and defendant Boyce offered to make the cash call for him. Plaintiff Trent and his wife signed a promissory note drafted by defendant Boyce in exchange for Boyce paying plaintiff's portion of the cash call. The note was "secured by that certain pledge between G. Eugene Boyce and William Earnest Trent, III, wherein William Earnest Trent, III, pledges his partnership interest in Riverplace (sic) LLC to G. Eugene Boyce and such pledge is subject to acceleration as set forth." The note was due to be paid in full by January 2002, but defendant Boyce did not call the note in January 2002 or thereafter. It was later discovered that the LLC owned valuable water rights.

In February 2004, defendant Boyce phoned plaintiff Bill Trent and demanded payment on the note, but plaintiff was not able to secure funding. On 26 May 2004, defendant Boyce wrote the LLC and purportedly canceled the note signed by the Trents and requested that percentage ownership interests of the members be re-allocated to give Boyce credit for the October 2000 cash call. The partnership agreement contains the following provision governing cash calls:

5.2 *Additional Funds.* In the event that the Manager determines, in his sole discretion, at any time (or from time to time) that additional funds are required by the Company for or in respect of its business or to pay any of its obligations, expenses, costs, liabilities, or expenditures (including, without limitation, any operating deficits), then the Members shall make additional contributions to the capital of the Company ratably in accordance with such Members' then existing membership interest within forty-five (45) days of notice from the Manager. If a Member fails to pay when due all or any portion of any Capital Contribution which the

Member is obligated to pay, the Manager shall request the non-defaulting Members to pay their pro rata shares of the unpaid amount of the defaulting Member's Capital Contribution (the "Unpaid Contribution"). *To the extent the Unpaid Contribution is contributed by any other Member, the defaulting Member's Percentage Interest shall be reduced and the Percentage Interest of each Member who makes up the Unpaid Contribution shall be increased, so that each Member's Percentage Interest is equal to a fraction, the numerator of which is that Member's total Capital Contribution after contributing some portion of the Unpaid Contribution and the denominator which is the total Capital Contributions of all Members.* The Manager shall amend Schedule I accordingly. This remedy is in addition to any other remedies allowed by law or by this Agreement.

(emphasis added).

On 10 August 2004, plaintiffs' counsel wrote the LLC and informed it that the pledge of plaintiff Bill Trent's membership interest as referenced in Boyce's 26 May 2004 letter was invalid under the operating agreement and North Carolina law. Plaintiffs asserted that the pledge of Mr. Trent's interest did not comply with sections 7.6 and 7.7 of the operating agreement:

*7.6 Restrictions on Transfer.* Without the prior written consent of a Majority in Interest of the Disinterested Members (which consent may be given or withheld in their sole discretion), (a) no Member may voluntarily or involuntarily Transfer, or create or suffer to exist any encumberance against, all or any part of such Member's record or beneficial interest in the Company and (b) no Person may be admitted to the Company as a Member. Except for withdrawals in connection with a Transfer of a Membership Interest permitted by this Agreement, no Member may withdraw from the Company without the consent of a Majority in Interest of the Disinterested Members.

*7.7 Conditions Precedent to Transfer.* Any purported Transfer or Encumberance otherwise complying with Section 7.6 will be ineffective until the transferor and the proposed transferee furnish to the Company the instruments and assurances the Members may request, including without limitation, if requested, an opinion of counsel satisfactory to the Company that the interest in the Company being Transferred or Encumbered has

been registered or is exempt from registration under the Securities Act of 1933 . . .

Defendant Boyce and his personal attorney responded, disputing plaintiffs' arguments regarding the operating agreement and asserting that the promissory note was an effective assignment. Plaintiffs then filed their complaint, seeking declaratory relief for a ruling that "the purported pledge of Bill Trent's membership interest in River Place as per the Boyce note is invalid, and that Bill Trent retains his 8% membership interest in River Place." Plaintiffs' complaint asked for construction of sections 7.6 and 7.7 of the operating agreement. At the hearing on defendants' motion to dismiss, defendants conceded that these provisions would not effectively transfer plaintiff Bill Trent's interest in the LLC, stated that defendant Boyce had rescinded the note and did not seek enforcement, and argued that section 5.2 of the operating agreement should control. The trial court granted defendants' motion to dismiss.

[1] On appeal, plaintiffs do not ask this Court to reverse the trial court's dismissal, but rather ask that we reverse the trial court's decision to order that the dismissal operate with prejudice. Plaintiffs contend that the trial court should have granted the dismissal without prejudice. We disagree. Plaintiffs concede that their complaint was correctly dismissed, as defendant Boyce had rescinded the note and did not seek its enforcement and at the hearing defendants conceded that sections 7.6 and 7.7 would not have effectively transferred Trent's membership to Boyce. However, in their brief, plaintiffs argue that at the time of the hearing "the only issue before Judge Hight was the interpretation of 7.6 and 7.7 of River Place's LLC agreement," and that the defendants asserted section 5.2 as grounds for transfer for the first time at the hearing. Thus, plaintiffs argue, they have not had an adequate chance to address section 5.2 and that the dismissal with prejudice has "precluded the Trents from having the meaning of 5.2 of the operating agreement construed in a subsequent action."

We first note that although the trial court dismissed this action pursuant to the Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 *et seq.* (2004), "[a]ll orders, judgment and decrees under this Article may be reviewed as other orders, judgments and decrees." N.C. Gen. Stat. § 1-258 (2004). Ordinarily, an involuntary dismissal operates as an adjudication of the merits. N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003); *Whedon v. Whedon*, 313 N.C. 200, 210, 328 S.E.2d 437, 443 (1985). However, Rule 41(b) grants the trial judge power "to specifically order that the dismissal is without prejudice, and,

therefore, not an adjudication on the merits." *Whedon* at 210, 328 S.E.2d at 443.

> Unless the court in its order for dismissal otherwise speci-
> fies, a dismissal under this section and any dismissal not pro-
> vided for in this rule, other than a dismissal for lack of jurisdic-
> tion, for improper venue, or for failure to join a necessary party,
> operates as an adjudication upon the merits. *If the court specifies
> that the dismissal of an action commenced within the time pre-
> scribed therefor, or any claim therein, is without prejudice, it
> may also specify in its order that a new action based on the
> same claim may be commenced within one year or less after
> such dismissal.*

N.C. Gen. Stat. § 1A-1, Rule 41(b) (emphasis added). The Official Comment to the 1969 Amendment of Rule 41(b) states that an "objective in the rewriting of section 41(b) was to make clear that the court's power to dismiss on terms, that is, to condition the dismissal . . . extends to all dismissals other than voluntary dismissals under section 41(a)." *Id.* However, "it is the burden of the party whose claim is being dismissed to convince the court that he deserves a second chance, and he should formally move the court that the dismissal be without prejudice." *Whedon,* 313 N.C. at 212-13, 328 S.E.2d at 444-45 (internal citation and quotation marks omitted). Furthermore, "[t]he trial court's authority to order an involuntary dismissal without prejudice is [] exercised in the broad discretion of the trial court and the ruling will not be disturbed on appeal in the absence of a showing of abuse of discretion." *Whedon* at 213, 328 S.E.2d at 445. Appellate courts should not disturb the exercise of the court's discretion pursuant to Rule 41(b) unless the "challenged action is manifestly unsupported by reason." *Johnson v. Bollinger,* 86 N.C. App. 1, 9, 356 S.E.2d 378, 383 (1987).

Here, we conclude that the trial court did not abuse its discretion in dismissing plaintiffs' claim with prejudice, rather than without prejudice. Plaintiffs concede that the terms of the note were no longer at issue at the time of the hearing. As the note was no longer at issue, the terms of the operating agreement which address transfers were also no longer at issue and defendant Boyce conceded that these provisions would not effect a transfer of plaintiff Trent's membership interest. In their brief, plaintiffs argue that they had not asked the trial court to construe section 5.2 of the operating agreement and thus that when defendants argued section 5.2 at the hearing, the trial court should have allowed plaintiffs to amend their complaint or

should have dismissed the complaint without prejudice so that they could file a separate request for declaratory relief as to section 5.2. However, in their complaint, plaintiffs requested "declaratory judgment from this court vis-a-vis *the parties' respective rights under the operating agreement* and the promissory note," and asked for relief in the form of "a declaratory judgment *that Bill Trent retains his 8% membership interest* in River Place and that any purported 'pledge' of that membership interest as per the Boyce note is invalid." (emphasis added). In their complaint, plaintiffs not only reference sections 7.6 and 7.7 of the operating agreement, but in paragraph 6, they state: "¶5.3 [sic] of the operating agreement provides that in the event that a member does not make a contribution upon a cash call that the non-defaulting members will contribute in a pro-rata fashion for the member not contributing, and that the non-contributing member's percentage interest in River Place will be adjusted accordingly." Plaintiffs attached a copy of the entire operating agreement to their complaint. We also note that while plaintiffs assert that the trial court incorrectly relied on section 5.2 in making its judgment, the court's order does not mention section 5.2. As we cannot conclude that the trial court's dismissal of the action *with prejudice* was "manifestly unsupported by reason," we overrule this assignment of error.

[2] In their second argument, plaintiffs contend that the trial court erred in making factual findings in its dismissal order and in basing its decision on these findings. As plaintiffs have not requested that this Court reverse the dismissal, but have only asked us to determine that the dismissal order should have been without prejudice, we conclude that we need not address this argument. We overrule this assignment of error.

[3] Finally, plaintiffs assert that the trial court erred in denying the plaintiffs' motion to amend and for alternative relief. We agree. Plaintiffs moved under Rule 59(e) for amendment of the court's order to change the order to dismissal without prejudice and to strike any factual findings from that order. Plaintiffs also moved, in the alternative, for relief from the judgment pursuant to Rule 60(b)(5) and (6). It is well-established that Rule 59 and 60 motions are addressed to the trial court's discretion. *See Strickland v. Jacobs*, 88 N.C. App. 397, 363 S.E.2d 229 (1998); *Burwell v. Wilkerson*, 30 N.C. App. 110, 226 S.E.2d 220 (1976). Here, Judge Hight presided over the initial hearing and Judge Stanback heard plaintiffs' post-judgment motions. Judge Stanback denied plaintiffs' Rule 59 and 60 motions, stating that "the Court . . . is of the opinion that Plaintiffs' Motion is more properly

brought before the Honorable Henry W. Hight, Jr." "[O]rdinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Luster v. Gooch Support Systems, Inc.*, 161 N.C. App. 738, 740, 589 S.E.2d 144, 145 (2003). However, a Superior Court judge may grant relief from the decision of another judge on a Rule 60(b) motion. *Hoglen v. James*, 38 N.C. App. 728, 731, 248 S.E.2d 901, 904 (1978). Upon hearing such a motion, it is the "duty of the judge presiding . . . to make findings of fact and to determine from such facts whether the movant is entitled to relief from a final judgment or order." *Hoglen* at 731, 248 S.E.2d at 903. "Where a judge refuses to entertain such a motion because he labors under the erroneous belief that he is without power to grant it, then he has failed to exercise the discretion conferred on him by law." *Id.* Here, although Judge Stanback did not state that he believed he was without authority to hear the Rule 60(b) motion, we conclude that his denial of the motion on the grounds that he believed it was more properly in front of Judge Hight was also a "fail[ure] to exercise the discretion conferred on him by law," and that, as in *Hoglen*, "plaintiff[s] ha[ve] never had the proper hearing on [their] Rule 60(b) motion to which [they are] entitled." *Id.* at 731, 248 S.E.2d at 904. Accordingly, we vacate the order dismissing plaintiffs' Rule 59 and 60 motions and remand for a proper hearing.

Affirmed in part; vacated and remanded in part.

Chief Judge MARTIN and Judge GEER concur.