**NOVAK v. DAIGLE, INC.**

[226 N.C. App. 253 (2013)]

GARY NOVAK AND MARY NOVAK, PLAINTIFFS
v.
DAIGLE, INC. D/B/A PLANTATION PROPERTIES, AND BARBARA HOWELL, DEFENDANTS

No. COA12-1206

Filed 2 April 2013

**Pretrial Proceedings—Rule 60(b) motion—contradictory statements in order—no hearing**

The Superior Court's order on plaintiffs' motion made pursuant to N.C.G.S. § 1A-1, Rule 60(b)(1) was vacated. The order contained contradictory typewritten and handwritten portions and plaintiffs never had a proper hearing on their Rule 60(b) motion.

Appeal by plaintiffs from Order entered 20 April 2011 by Judge James G. Bell in Superior Court, Brunswick County. Heard in the Court of Appeals 14 March 2013.

*Tatum & Atkinson, PLLC by Laura E. Conner, for plaintiffs-appellants.*

*No appellees' brief filed.*

STROUD, Judge.

Gary and Mary Novak ("plaintiffs") filed a complaint against Plantation Properties and Barbara Howell ("defendants") on 10 August 2010 alleging breach of contract, unfair and deceptive trade practices, and fraud. Plaintiffs filed an amended complaint on 2 September 2010. Defendant Howell answered on 14 October 2010. Defendant Daigle, Inc. may have been dismissed from the action.[1] The matter was not set for trial.

The Superior Court, Brunswick County, apparently set the case on a 9 March 2012 administrative "clean-up" calendar, although the record before us does not indicate that notice of this court date was given to either plaintiffs or defendant. Neither plaintiffs nor defendant appeared in court on that date, and on 14 March 2012 the trial court entered an order dismissing plaintiffs' complaint with prejudice on a form order

---

1. Plaintiff mentions in its brief that Daigle was dismissed from the suit, but does not mention when or how, and nothing in the record indicates such a dismissal.

without any findings of fact or other indication that it had considered sanctions less severe than dismissal with prejudice.[2] *Cf. McKoy v. McKoy*, ___ N.C. App. ___, ___, 714 S.E.2d 832, 833 (2011) (requiring the trial court to make findings as to why lesser sanctions would be insufficient before dismissing a plaintiff's action with prejudice for procedural violations). Plaintiffs did not appeal from the order dismissing their action.

On 9 April 2012, Plaintiffs moved for relief from the order dismissing their complaint under N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2011), alleging that the dismissal was due to the excusable neglect of plaintiffs' attorney. Plaintiffs claimed that they had no notice of the 9 March 2012 court date and that they were unaware of the dismissal order until their counsel received it in the mail on 2 April 2012.

The record before us does not indicate that any hearing was noticed or held regarding plaintiffs' motion for relief from the dismissal order. Instead, the Superior Court entered an order on 20 April 2012 regarding plaintiffs' motion.[3] The order had both typewritten provisions and hand-written portions. The typewritten portion reads:

> In the above-entitled action, Plaintiffs, having for good cause shown, made application pursuant to Rule 60(b) for relief from an Order entered by the Court filed March 14, 2012, dismissing the above-entitled action with prejudice:
>
> IT IS NOW ORDERED that Plaintiffs be granted relief from the March 14, 2012 Order, which is hereby set aside.

Then, between the decretal portion of the order and the signature line, there is a hand-written line:

> *Order is not allowed*
>
> *Matter was dismissed on* 3-9-12
>
> [signature] 4-20-12

It is clear from the context of the order that the trial court intended to deny plaintiffs' motion and that the hand-written portion of the order

---

2. The form order also had as an option a check box to dismiss the case "without prejudice," but the trial court clearly marked the dismissal as "with prejudice."

3. It is obvious that the order was entered on 20 April 2012, although we note that the official Brunswick County Clerk of Superior Court file stamp inexplicably indicates 20 April 2011, nearly a full year before plaintiffs' motion was filed.

was actually meant to be the entirety of the court's order.[4] In addition, an "elementary principle of contract interpretation [is] instructive in this case. When a contract is partly written or typewritten and partly printed any conflict between the printed portion and the [type] written portion will be resolved in favor of the latter." *In re B.E.*, 186 N.C. App. 656, 661, 652 S.E.2d 344, 347 (2007) (citation and quotation marks omitted). Plaintiffs treat the order as one denying their Rule 60(b) motion, and clearly the trial court did as well.[5] We also note that even if we were to consider the order exactly as it is written, the result would be the same, as the order would have to be reversed for its contradictory conclusions of law and decrees. Therefore, we will consider the order as one denying plaintiffs' motion.

"It is the duty of the judge presiding at a Rule 60(b) hearing to make findings of fact and to determine from such facts whether the movant is entitled to relief from a final judgment or order." *Hoglen v. James*, 38 N.C. App. 728, 731, 248 S.E.2d 901, 903 (1978).

> When, as in the instant case, the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion.

*Milton M. Croom Charitable Remainder Unitrust v. Hedrick*, 188 N.C. App. 262, 266, 654 S.E.2d 716, 719 (2008) (citation and quotation marks omitted).

---

4. It appears the trial court merely wrote its order by hand on a draft order submitted by plaintiffs even though the trial court was not granting the relief plaintiffs sought. "Orders and judgments in civil actions are orders of the court, and not the orders of the parties." *Heatzig v. MacLean*, 191 N.C. App. 451, 461, 664 S.E.2d 347, 354, *app. dismissed*, 362 N.C. 681, 670 S.E.2d 564 (2008). A trial court's order should not include language contrary to its actual ruling and certainly not two precisely opposite decrees. When the trial court uses a draft order submitted by a party, it should be especially careful not to include contradictory provisions. Simply striking out the language to be omitted and initialing and dating the stricken portion would suffice.

5. The record also contains an Alias and Pluries summons which plaintiffs sought to have issued on 23 March 2012 which is marked "not valid case dismissed," although the record does not indicate who made this notation or when it was made. It is unclear whether defendant Daigle, Inc. was ever served. It appears that plaintiffs had six Alias and Pluries summonses issued prior to 23 March 2012, perhaps with the intent of continuing to attempt service upon Daigle, Inc. (defendant Howell had already been served and had filed an answer); plaintiff argues that the summons issued on 4 January 2012 was still "active" at the time of the administrative calendar on 9 March 2012. But we are baffled by this argument since plaintiffs also claim to have dismissed their action against Daigle, Inc.

The trial court here denied plaintiffs' motion without a hearing. Plaintiffs were not even given the opportunity to present any evidence or to make an argument in support of their motion. The trial court's order contains no findings of fact or conclusions of law. Indeed, the only legal conclusion on the face of the order is the typewritten statement that plaintiffs had shown "good cause" for relief, although the court clearly did not mean to adopt that conclusion. The handwritten portion of the order states simply that the "order is not allowed[;] matter was dismissed on 3-9-12."

It appears that the trial court may have been under the mistaken impression that it was without power to consider plaintiffs' Rule 60 motion because the action had been dismissed. Whatever the reason, it is clear that "plaintiff[s] ha[ve] never had the proper hearing on [their] Rule 60(b) motion to which [they are] entitled." *Hoglen*, 38 N.C. App. at 731, 248 S.E.2d at 904. Therefore, we vacate the trial court's order and remand for further proceedings. *See Trent v. River Place*, LLC, 179 N.C. App. 72, 79, 632 S.E.2d 529, 534 (2008) (remanding for a "proper" Rule 60 hearing).

VACATED and REMANDED.

Judges ELMORE and STEELMAN concur.