BRYANT, Judge.
 

 *588
 
 Where a trial judge has authority to grant Rule 60(b) relief without offending the rule that precludes one trial judge from overruling the judgment of another, we affirm the order of the trial court.
 

 Mack Devaughn Pope, plaintiff-husband, and Dawn Wrench Pope, defendant-wife, were married on 25 October 2000. Two children born of the marriage currently reside with defendant-wife.
 

 The parties separated on 12 May 2014. On 12 August 2014, plaintiff-husband filed a Complaint seeking a Domestic Violence Protective Order ("DVPO") against defendant-wife. On 14 August 2014, defendant-wife filed a DVPO Complaint against plaintiff-husband. Both parties obtained
 
 ex parte
 
 DVPOs, and a hearing for both DVPOs was set for 30 September 2014.
 

 Defendant-wife did not appear for the 30 September 2014 DVPO hearings scheduled on both DVPO Complaints and the Honorable Jimmy L. Love, Jr., Judge presiding, dismissed defendant-wife's DVPO Complaint.
 
 [1]
 
 Judge Love proceeded with the
 
 *376
 
 hearing on plaintiff-husband's DVPO Complaint. Judge Love found that defendant-wife had committed acts of domestic violence by harassing, following, and yelling at plaintiff-husband, and that the DVPO was warranted for a period of one year in order to alleviate plaintiff-husband's fear of imminent serious bodily injury and continued harassment. Defendant-wife was served with the DVPO that same day, on 30 September 2014.
 

 Plaintiff-husband continued to contact defendant-wife after his DVPO was entered against her. Plaintiff-husband showed up at defendant-wife's house, both when the children were present and when they were not. He also required defendant-wife to meet him at gas stations
 
 *589
 
 to fill her truck up with gas rather than giving her the funds to do so. According to defendant-wife, plaintiff-husband continued to call her "quite often" and also "yell" and " cuss" at her.
 

 On 2 December 2014, defendant-wife filed a second DVPO Complaint, alleging that plaintiff-husband was repeatedly coming by her residence and threatening to force her to leave the residence. Defendant-wife obtained an
 
 ex parte
 
 DVPO and the matter was set to be heard on 9 December 2014. Meanwhile, on 4 December 2014, plaintiff-husband filed a motion to correct the DVPO entered 30 September 2014 based on a clerical error: Judge Love set the effective date through 30 September
 
 2014
 
 rather than 30 September
 
 2015.
 
 The hearing on 9 December 2014 was held before the Honorable Robert W. Bryant, Jr., who concluded that the "evidence does not support or provide grounds for [defendant-wife's] DVPO."
 

 Three months later, on 13 March 2015, defendant-wife filed a Rule 60 Motion for relief from the 30 September 2014 order granting plaintiff-husband's DVPO and from the 9 December 2014 order denying her DVPO, alleging (1) that she did not appear at the hearing before Judge Love because plaintiff fraudulently told her he was dismissing the DVPO Complaint; and (2) that incidents occurring since entry of the DVPO showed plaintiff-husband was not afraid of defendant-wife. A hearing was held on 7 April 2015 before the Honorable R. Dale Stubbs, Judge presiding. After hearing evidence from both parties and argument from counsel, Judge Stubbs set aside Judge Love's 30 September 2014
 
 [2]
 
 DVPO based on his conclusion that it was "no longer equitable that the [DVPO] should have future application" and that there was "good reason justifying relief from the [DVPO]" because "the harassment has been on both sides" and plaintiff-husband was not afraid of defendant-wife. Plaintiff-husband filed his notice of appeal of Judge Stubbs's order on 8 April 2015.
 

 _________________________
 

 On appeal, plaintiff-husband argues that (I) the trial court could not properly reconsider another trial court's decision that plaintiff-husband was a victim of domestic violence; (II) the trial court abused its discretion in setting aside the DVPO based on Rule 60(b)(5) ; and (III) there is otherwise no basis for this Court to affirm the set-aside order.
 

 *590
 

 I
 

 Plaintiff-husband first argues that Judge Stubbs could not properly revisit the findings supporting Judge Love's decision that plaintiff-husband was a victim of domestic violence absent grounds to do so under Rule 60(b) of the North Carolina Rules of Civil Procedure. Specifically, plaintiff-husband argues that, in granting defendant-wife's 60(b) motion, Judge Stubbs improperly reviewed or reconsidered Judge Love's original decision granting the DVPO. We disagree.
 

 A motion for relief from a final order made pursuant to Rule 60(b) is within the sound discretion of the trial court, and the trial court's decision will not be disturbed absent: (1) an abuse of discretion; and/or (2) a trial court's "misapprehension of the appropriate
 
 *377
 
 legal standard" for ruling on a Rule 60(b) motion.
 
 Anuforo v. Dennie,
 

 119 N.C.App. 359
 
 , 361,
 
 458 S.E.2d 523
 
 , 525 (1995) (citations omitted). As to the former, "[a] trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason ... [or] upon a showing that [the trial court's discretion] was so arbitrary that it could not have been the result of a reasoned decision."
 
 White v. White,
 

 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985) (internal citation omitted). Further, findings of fact made by the trial court upon a Rule 60(b) motion are binding on appeal if supported by any competent evidence.
 
 Kirby v. Asheville Contracting Co.,
 

 11 N.C.App. 128
 
 , 132,
 
 180 S.E.2d 407
 
 , 410 (1971) (citations omitted).
 

 Rule 60(b) states, in pertinent part, as follows:
 

 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for one of the following reasons:
 

 ...
 

 (5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 

 (6) Any other reason justifying relief from the operation of the judgment....
 

 N.C. Gen.Stat. § 1A-1, Rule 60(b)(5), (6) (2015).
 

 *591
 
 Plaintiff-husband argues that Judge Stubbs could not properly revisit Judge Love's findings-namely that plaintiff-husband feared he would be physically injured by defendant-wife and that plaintiff-husband was significantly distressed by the prospect of relentless torment-because it is "[t]he well established rule in North Carolina ... that no appeal lies from one judge to another; ... and that ordinarily one judge may not modify, overrule, or change the judgment of another ... judge previously made in the same action."
 
 Calloway v. Ford Motor Co.,
 

 281 N.C. 496
 
 , 501,
 
 189 S.E.2d 484
 
 , 488 (1972) (citations omitted). As such, " '[a] judge of the District Court cannot modify a judgment or order of another judge of the District Court' absent a showing of mistake, inadvertence, fraud, newly discovered evidence, satisfaction, or that the judgment is void."
 
 Duplin Cnty. DSS ex rel. Pulley v. Frazier,
 

 230 N.C.App. 480
 
 , 481,
 
 751 S.E.2d 621
 
 , 623 (2013) (quoting
 
 Town of Sylva v. Gibson,
 

 51 N.C.App. 545
 
 , 548,
 
 277 S.E.2d 115
 
 , 117 (1981) ). For the reasons stated below, plaintiff-husband's argument is misguided.
 

 Rule 60(b) does not offend the rule which states that "one [trial] judge may not ordinarily ... overrule ... the judgment or order of another [trial] judge...."
 

 Id.
 

 (quoting
 
 In re Royster,
 

 361 N.C. 560
 
 , 563,
 
 648 S.E.2d 837
 
 , 840 (2007) ). Indeed, "[a] 60(b) order does not
 
 overrule
 
 a prior order but, consistent with statutory authority, relieves parties from the
 
 effect
 
 of an order."
 
 Van Engen v. Que Scientific, Inc.,
 

 151 N.C.App. 683
 
 , 690,
 
 567 S.E.2d 179
 
 , 184 (2002) (emphasis added) (quoting
 
 Charns v. Brown,
 

 129 N.C.App. 635
 
 , 639,
 
 502 S.E.2d 7
 
 , 10 (1998) ). Thus, "a [trial] [c]ourt judge
 
 [
 

 3
 

 ]
 
 may grant relief from the decision of another judge on a Rule 60(b) motion."
 
 Trent v. River Place, LLC,
 

 179 N.C.App. 72
 
 , 79,
 
 632 S.E.2d 529
 
 , 534 (2006) (citation omitted);
 
 Hieb v. Lowery,
 

 121 N.C.App. 33
 
 , 38,
 
 464 S.E.2d 308
 
 , 311-12 (1995) ("[A] [trial] court judge has authority to grant relief under a [ Rule 60 ](b) motion without offending the rule that precludes one [trial] court judge from reviewing the decision of another." (citation omitted));
 
 Hoglen v. James,
 

 38 N.C.App. 728
 
 , 731,
 
 248 S.E.2d 901
 
 , 904 (1978) (vacating and remanding where a judge erroneously believed he lacked the power to grant the relief requested in a 60(b) motion because he believed he
 
 *378
 
 did " 'not have authority to pass upon or reconsider' " another judge's order).
 
 *592
 
 Furthermore, a trial judge commits reversible error by denying a Rule 60(b) motion because the judge believes it should be heard by the judge who entered the order from which relief is sought.
 
 Trent,
 

 179 N.C.App. at 78-79
 
 ,
 
 632 S.E.2d at
 
 534 ;
 
 Hoglen,
 

 38 N.C.App. at 731
 
 ,
 
 248 S.E.2d at 904
 
 . As such, "[w]here a judge refuses to entertain such a motion because he labors under the erroneous belief that he is without power to grant it, then he has failed to exercise the discretion conferred on him by law."
 
 Trent,
 

 179 N.C.App. at 79
 
 ,
 
 632 S.E.2d at 534
 
 (internal quotation marks and citation omitted).
 

 Rule 60(b) is the proper vehicle by which a trial court may grant relief from DVPOs. When defendant-wife filed her Rule 60 motion to set aside the DVPO on 13 March 2015, Judge Stubbs was required to hear the motion-which he did on 7 April 2015-and exercise the "discretion conferred on him by law" by either granting or denying the motion. When Judge Stubbs granted defendant-wife's motion to set aside the DVPO concluding that it was "no longer equitable," his order was made using the form provided by the Administrative Office of the Courts ("AOC") specifically for orders setting aside DVPOs. The form is titled "Order Setting Aside Domestic Violence Protective Order," with the supporting statute listed under the title as " G.S. 1A-1 : Rule 60(b)." Accordingly, Judge Stubbs was not re-litigating the issue, but rather was acting lawfully by hearing and granting the motion. Therefore, plaintiff-husband's argument is overruled.
 

 II
 

 Plaintiff-husband next argues that the trial court abused its discretion in setting aside the DVPO. Specifically, plaintiff-husband contends the trial court abused its discretion in granting defendant-wife's Rule 60(b) Motion,
 
 sua sponte,
 
 under Rule 60(b)(5), where defendant-wife moved for relief under Rule 60(b)(6). We disagree.
 

 "The purpose of Rule 60(b) is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments."
 
 Carter v. Clowers,
 

 102 N.C.App. 247
 
 , 254,
 
 401 S.E.2d 662
 
 , 666 (1991) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2851 (1971) ). " Rule 60(b) is an unusual rule, having been described as 'a grand reservoir of equitable power.' "
 
 Id.
 
 at 253,
 
 401 S.E.2d at 665
 
 (quoting
 
 Jim Walter Homes, Inc. v. Peartree,
 

 28 N.C.App. 709
 
 , 712,
 
 222 S.E.2d 706
 
 , 708 (1976) ). As such, while "the usual method for seeking relief under Rule 60(b) is by filing a motion.... other means may be sufficient."
 

 Id.
 

 For instance, a trial court may even act
 
 sua sponte
 
 to grant relief under Rule 60(b), even where a party has not moved for relief under that rule.
 

 *593
 

 Id.
 

 ("[N]omenclature is unimportant, moving papers that are mislabeled in other ways may be treated as motions under Rule 60(b) when relief would be proper under that rule." (citation omitted));
 
 see also
 

 Hieb,
 

 121 N.C.App. at 38
 
 ,
 
 464 S.E.2d at 311
 
 .
 

 Further, a Rule 60(b) movant need not specify under which subpart of Rule 60(b) relief is sought.
 
 Sides v. Reid,
 

 35 N.C.App. 235
 
 , 237,
 
 241 S.E.2d 110
 
 , 111 (1978) ("If a movant is uncertain whether to proceed under clause (1) or (6) of Rule 60(b), he need not specify if his motion is timely and the reason justifies relief." (citation omitted)). Likewise, the trial court need not set aside a final judgment under the subpart specified by the movant.
 

 Id.
 

 It follows, then, that if a trial court may set aside a DVPO
 
 sua sponte,
 
 absent a party's motion under Rule 60(b) entirely, and a Rule 60(b) movant need not specify under which subsection it seeks relief, a trial court may set aside a DVPO pursuant to Rule 60(b)(5), even where a party moved for relief pursuant to Rule 60(b)(6) or another subsection.
 

 Plaintiff-husband argues that there is no case which specifically supports granting relief from a DVPO under Rule 60(b)(5). However, "[o]n motion
 
 and upon such terms as are just,
 
 a court may relieve a party from a
 
 judgment
 
 if, among other reasons, it is no longer equitable that the judgment have prospective application."
 
 Buie v. Johnston,
 

 313 N.C. 586
 
 , 589,
 
 330 S.E.2d 197
 
 , 199 (1985) (citing N.C.G.S. § 1A-1, Rule 60(b)(5) ).
 

 *379
 
 Rule 60(b)(5) allows relief from a judgment when "it is no longer equitable that the judgment should have prospective application...." N.C.G.S. § 1A-1, Rule 60(b)(5). That is exactly what the trial court determined.
 

 Here, the trial court relied on competent evidence to support its conclusion that plaintiff-husband was no longer afraid of defendant-wife. After the DVPO was entered in September 2014, plaintiff-husband continued to call defendant-wife, show up at her house "almost every day," and require defendant-wife to meet him at gas stations to fill up her truck with gas rather than provide her with the funds to do so independently. Judge Stubbs properly made specific findings of fact that plaintiff-husband no longer feared defendant-wife.
 

 Accordingly, the decision to set aside the DVPO under Rule 60(b)(5) was supported by findings of fact and was proper. Plaintiff-husband's argument is overruled.
 

 Furthermore, as we have already held there was no error in setting aside the DVPO, and plaintiff-husband's third and final argument on
 
 *594
 
 appeal is essentially an alternative one, namely that there is otherwise no basis for this Court to affirm the set-aside order, we need not address it. The order of the trial court setting aside the 30 November 2014 DVPO is
 

 AFFIRMED.
 

 Judges DILLON and ZACHARY concur.
 

 [1]
 

 Defendant-wife later testified that plaintiff-husband told her he was not going to the hearing and was going to have his DVPO complaint dropped. Defendant-wife claims she relied on plaintiff-husband's assurances and believed him because in a prior matter, plaintiff-husband dropped criminal assault charges against her after promising to do so.
 

 [2]
 

 Judge Stubbs's order referred to "a DVPO entered against [defendant-wife] and amended on 12-9-14." As the order entered 30 September 2014 was the only DVPO "amended" to correct a clerical error, it is clear this is the order to which Judge Stubbs refers.
 

 [3]
 

 Many cases refer to "Superior Court" judges in this context as most 60(b) appeals are from Superior Court. However, as "District Court" judges are able to hear 60(b) motions, cases analyzing the trial court's ability to grant relief under 60(b) should be equally applicable to a District Court judge's ability to do the same.
 
 Cf.
 

 Duplin Cnty. DSS ex rel. Pulley v. Frazier,
 

 230 N.C.App. 480
 
 , 481,
 
 751 S.E.2d 621
 
 , 623 (2013) (reviewing appeal from district court's 60(b) order and noting that a district court's setting aside an order based on one of the grounds in Rule 60(b) does not "overrule" a prior order).