ELMORE, Judge.
 

 *426
 
 After the parties' separation, the trial court entered an order of equitable distribution. The parties reconciled shortly thereafter and continued their marital relationship for three years before separating again. Upon their second separation, plaintiff filed a motion for contempt against defendant for failing to comply with the terms of the equitable distribution order. Defendant moved to dismiss plaintiff's motion. The trial court granted defendant's motion to dismiss, concluding that the equitable distribution order was void upon the parties' reconciliation. We hold that, in ruling on defendant's motion to dismiss plaintiff's motion for contempt, the trial court lacked subject matter jurisdiction to void the equitable distribution order previously entered in the same action. We vacate the trial court's order declaring the prior equitable distribution order void.
 

 I. Background
 

 Diane Hogue (plaintiff) and Terry Hogue (defendant) were married on 24 November 1986 and separated on 11 October 2008. Plaintiff filed a complaint on 19 May 2009 for an equitable distribution of the parties' marital and divisible property. She later amended her complaint to include claims for child custody, child support, and alimony.
 

 On 14 March 2011, the trial court entered an order of equitable distribution. The court concluded that an unequal division in favor of plaintiff was equitable and ordered defendant to pay a distributive award in the amount of $665,471.10. Defendant filed a Rule 59 motion for a new trial ten days later, along with a Rule 60 motion for relief based upon "mistake and surprise committed during the hearing and in the rendering of the judgment," and "misrepresentation and misconduct of the plaintiff." Sometime in March or April after the equitable distribution order was entered, the parties reconciled and began living together again as husband and wife. They closed on a new home that summer and liquidated most of the extraneous personal property subject to distribution. Defendant's Rule 59 and 60 motions were never heard and neither party complied with the terms of the equitable distribution order.
 

 The parties continued their marital relationship for about three years. In December 2014, plaintiff moved out of the marital home and sent defendant a letter demanding that
 
 *609
 
 he comply with the terms of the equitable distribution order. When defendant refused, plaintiff filed a motion for contempt and order to show cause. Defendant in turn moved to dismiss plaintiff's motion, arguing that the resumption of the parties' marital relations voided the executory portions of the equitable distribution order, and the order was not revived upon their subsequent reconciliation. Because the executory portions of the order were void and unenforceable, defendant averred, plaintiff's motion for contempt should be dismissed.
 

 On 18 April 2016, the trial court entered an order granting defendant's motion to dismiss. The court concluded that, pursuant to
 
 Schultz v. Schultz
 
 ,
 
 107 N.C.App. 366
 
 , 374,
 
 420 S.E.2d 186
 
 , 191 (1992), the equitable distribution order was "void and unenforceable" because the parties reconciled while every provision of the order remained executory. The court also concluded that "equity dictates voiding the order."
 

 *427
 
 Defendant's pending Rule 59 and 60 motions were dismissed as moot and the case continued until the next court term for the purpose of "status review."
 

 Plaintiff timely appeals from the order granting defendant's motion to dismiss and adjudging the equitable distribution order void and unenforceable.
 

 II. Discussion
 

 The trial court's order declaring the prior equitable distribution order void and unenforceable in effect determined the equitable distribution action. While other pending matters may have been discussed at the status review, the equitable distribution action had been terminated. Because the order would otherwise be final within the meaning of Rule 54(b) but for the other pending claims or motions in the action, this court has jurisdiction over the appeal pursuant to
 
 N.C. Gen. Stat. § 50-19.1
 
 (2015).
 

 The parties disagree as to the effect of their reconciliation on the trial court's order of equitable distribution, or more specifically, whether the trial court erred in concluding that resumption of the marital relationship voids the executory portions of an equitable distribution order. A separate but related issue-and the only one we decide today-is whether the trial court, in ruling on defendant's motion to dismiss
 
 *428
 
 plaintiff's contempt motion, had authority to adjudge the equitable distribution order void.
 

 A district court judge may not ordinarily modify, overrule, or change the judgment of another district court judge previously made in the same action.
 
 In re Royster
 
 ,
 
 361 N.C. 560
 
 , 563,
 
 648 S.E.2d 837
 
 , 840 (2007) ;
 
 Calloway v. Ford Motor Co.
 
 ,
 
 281 N.C. 496
 
 , 501,
 
 189 S.E.2d 484
 
 , 488 (1972) ;
 
 Town of Sylva v. Gibson
 
 ,
 
 51 N.C.App. 545
 
 , 548,
 
 277 S.E.2d 115
 
 , 117 (1981). Pursuant to Rule 60(b), however, a trial judge may relieve a party from a final order or judgment for reasons including mistake, newly discovered evidence, fraud, the judgment is void, or it is no longer equitable that the judgment have prospective application. N.C. Gen. Stat. § 1A-1, Rule 60(b) (2015). An order entered "pursuant to Rule 60(b) 'does not overrule a prior judgment or order but, consistent with statutory authority, relieves parties from the effect of the judgment or order.' "
 
 Duplin Cnty. Dep't of Soc. Servs. ex rel. Pulley v. Frazier
 
 ,
 
 230 N.C.App. 480
 
 , 482,
 
 751 S.E.2d 621
 
 , 623 (2013) (quoting
 
 Charns v. Brown
 
 ,
 
 129 N.C.App. 635
 
 , 639,
 
 502 S.E.2d 7
 
 , 10 (1998) );
 
 see also
 

 Hoglen v. James
 
 ,
 
 38 N.C.App. 728
 
 , 731,
 
 248 S.E.2d 901
 
 , 904 (1978) ("A [trial court] judge has the authority to grant relief under a Rule 60(b) motion without offending the rule that precludes one [trial court] judge from reviewing the decision of another." (citing
 
 Charleston Capital Corp. v. Love Valley Enters., Inc.
 
 ,
 
 10 N.C.App. 519
 
 ,
 
 179 S.E.2d 190
 
 (1971) )).
 

 The trial court adjudged the equitable distribution order void and unenforceable upon defendant's motion to dismiss plaintiff's motion for contempt rather than a Rule 60(b) motion. A motion to dismiss a contempt motion is not the proper mechanism to seek relief from a final order or judgment. And while a trial court may, under appropriate circumstances, act
 
 sua sponte
 
 to grant relief under Rule 60(b),
 
 Pope v. Pope
 
 , --- N.C. App. ----, ----,
 
 786 S.E.2d 373
 
 , 378 (2016) (citing
 
 Carter v. Clowers
 
 ,
 
 102 N.C.App. 247
 
 , 253,
 
 401 S.E.2d 662
 
 , 665 (1991) ), the record does not suggest that the trial court was
 
 *610
 
 acting under Rule 60(b) when it entered its order in this case. The order must be vacated.
 
 See
 

 Hieb v. Lowery
 
 ,
 
 121 N.C.App. 33
 
 , 38-39,
 
 464 S.E.2d 308
 
 , 311-12 (1995) (holding that superior court judge lacked authority to modify judgment of another previously entered where "plaintiff made no Rule 60(b) motion" and judge did not "purport to act pursuant to Rule 60(b)"),
 
 aff'd
 
 ,
 
 344 N.C. 403
 
 , 407-08,
 
 474 S.E.2d 323
 
 , 325-26 (1996) ;
 
 see also
 

 Crook v. KRC Mgmt. Corp.
 
 ,
 
 206 N.C.App. 179
 
 , 184,
 
 697 S.E.2d 449
 
 , 453 (2010) ("If one trial judge enters an order that unlawfully overrules an order entered by another trial judge, such an order must be vacated...." (citation omitted)).
 
 *429
 

 III. Conclusion
 

 Because the trial court lacked authority to declare the equitable distribution order void upon defendant's motion to dismiss plaintiff's motion for contempt, we vacate the order. We want to make clear, however, that our decision does not preclude defendant from seeking relief from the equitable distribution order pursuant to Rule 60(b), or the trial court from acting
 
 sua sponte
 
 to grant such relief pursuant to Rule 60(b).
 

 VACATED.
 

 Judges HUNTER, JR. and ENOCHS concur.